IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSEPH J. BONANZA, As Administrator of the Estate of TERRA LYNN BONANZA, deceased,<br><br>Plaintiff,<br><br>-against-<br><br>COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S DEPARTMENT, ONEIDA COUNTY CORRECTIONAL FACILITY, CBH MEDICAL, P.C., HELIO HEALTH, INC., AND DEF CORPORATIONS, JANE DOES, JOHN DOES, JANE ROES, AND JOHN ROES (fictitious names, the true identities of which are unknown by plaintiff at present),<br><br>Defendants. | ATTORNEY AFFIDAVIT<br><br>Case No.: 9:23-cv-691 (DNH/ATB) |

---

JEFFREY G. POMEROY, ESQ., being duly sworn deposes and states as follows:

1. I am an attorney duly admitted to practice before the United States District Court for the Northern District of New York and am the managing partner of the law firm Greene, Reid & Pomeroy, PLLC, attorneys for the plaintiff.

2. As counsel for the plaintiff, I am fully familiar with the proceedings of this case to date.

3. I make this affidavit in support of the plaintiff's motion to amend the Second Amended Complaint to substitute Sheriff Robert Maciol and Chief Deputy Sheriff Lisa Zurek, Nazif Chowdhury, M.D., Nabin Adhikari, M.D., Nancy Menter, R.N., and Domenica Bumgolo in place of the Jane Does, John Does, Jane Roes, and John Roes.

4.      The decedent, Terra Lynn Bonanza, was sentenced to serve 6 months at the Oneida County Correctional Facility for petit larceny. She entered the Oneida County Correctional Facility on March 5, 2021, where she remained until March 14, 2021, at which time she was emergently transported to Faxton-St. Luke's Hospital for complaints and progressive symptoms of weakness, nausea, vomiting, cough, fever, body aches, abdominal discomfort, urinary and bowel incontinence, and loss of appetite. Upon admission to the emergency department, the decedent was noted to be dehydrated, feverish, tachycardiac, and jaundiced, and meeting criteria for sepsis due to high-grade fever, tachycardia, tachypnea, hypotension, elevated lactic acid, and leukocytosis. Diagnostic testing was positive for bilateral pulmonary emboli and COVID-19 infection. [Exhibit A, CBH Medical Emergency Department Transfer, EMS Pre-Hospital Care Report, Faxton-St. Luke's Admission/Discharge Summary].

5.      The decedent was hospitalized from March 14, 2021, to April 22, 2021, at which time she died due in part to septic shock, endocarditis, bilateral septic pulmonary emboli, COVID-19 pneumonia, respiratory failure, and multi-organ failure. [Exhibit A, Faxton-St. Luke's Admission/Discharge Summary].

6.      The plaintiff, Joseph Bonanza, was appointed administrator of decedent's estate on May 16, 2022. [Exhibit B, Limited Letters of Administration].

7.      I initially met with the plaintiff on April 11, 2023, upon referral of the matter to Greene Reid & Pomeroy by attorney Christopher Pelli, who had handled the estate appointment and prepared and served the Notice of Claim upon defendants County of Oneida and Oneida County Correctional Facility. [Exhibit C, Notice of Claim].

8. At the time of the intake, I was provided with limited records consisting of a redacted copy of the report of findings from the NYS Commission of Correction and a portion of the decedent's incarceration records from CBH Medical. The Commission's redacted report (as well as the unredacted report) referred to individuals by initials only. Likewise, the CBH Medical records did not provide sufficient information to identify medical staff as the signatures were mostly illegible. Plaintiff also did not have information as to the relationship between the Oneida defendants and medical/mental health staff. [Exhibit D, Redacted and Unredacted Commission's Report of March 29, 2022; Exhibit E, CBH Records].

9. The two-year statute of limitations, pursuant to New York EPTL §5-4.1, expired on April 22, 2023. Plaintiff filed his Complaint on April 21, 2023, in Oneida County Supreme Court. [Doc. No. 2]. From the time of intake to the expiration of the statute of limitations, plaintiff did not have time to investigate the identities of the individuals involved in the decedent's care and treatment.

10. Plaintiff's original Complaint named as defendants the County of Oneida, Oneida County Sheriff's Department, Oneida County Correctional Facility, CBH Medical, P.C., ABC Corporations, DEF Corporations, Jane Does, John Does, Jane Roes, and John Roes. Plaintiff's Complaint included causes of action for negligence, medical malpractice and state and federal constitutional violations, including 42 U.S.C. §1983. [Doc. No. 2].

11. Defendants County of Oneida, Oneida County Sheriff's Department and Oneida County Correctional Facility (hereafter "Oneida") filed a Notice of Removal to the U.S. District Court, Northern District of New York on June 8, 2023, pursuant to 28 U.S.C. §§1331, 1441(a).

[Doc. No. 1]. Defendant CBH Medical, P.C. filed its Consent to Removal on June 9, 2023. [Doc. No. 5].

12.     Upon learning that Helio Health, Inc. was the mental health provider at the Oneida County Correctional Facility in March 2021, the plaintiff amended his Complaint upon stipulation of defense counsel to substitute Helio Health, Inc. in place of ABC Corporations. The Amended Complaint was filed on August 8, 2023. [Doc No. 15]. Plaintiff continued to include the DEF Corporations and Doe and Roe defendants in the Amended Complaint.

13.     Plaintiff inadvertently failed to include the Section 1983 claim in the sixth cause of action of plaintiff's Amended Complaint, which was alleged in plaintiff's initial State Court Complaint under the fourth cause of action [Doc. No. 2]. The failure to include the Section 1983 claim was not an intentional omission, rather an oversight in preparing the Amended Complaint.

14.     Defendants stipulated to the filing of a Second Amended Complaint to include the Section 1983 claim, which was filed on August 25, 2023. [Doc. No. 22]. DEF Corporations and the Does and Roes continued to be named in the Second Amended Complaint.

15.     The initial Rule 16 conference was held on July 17, 2023, from which a Pretrial Scheduling Order was issued setting the deadline for amending pleadings and adding parties to November 17, 2023. [Doc. No. 11]. Thereafter, a discovery conference was held on January 22, 2024, at plaintiff's request, to address defendants' outstanding responses to plaintiff's demands. During the conference, attended by counsel for all parties, your affirmant requested an extension of the deadline to amend pleadings/add parties to which defense counsel did not object. The Court granted the request, extending the deadline to March 29, 2024. [Doc. No. 47].

16. Plaintiff submitted a Letter Request to the Court on March 26, 2024, requesting a conference to discuss the amendment and for a stay of the March 29 deadline pending the conference. The Court stayed the deadline by Text Order of March 29, 2024. [Doc. No. 50].

17. Since the January 2024 discovery conference, plaintiff has received and reviewed defendants' discovery responses. Based on this review, plaintiff has learned the identities of certain defendant employees and their respective roles who, upon information and belief, were directly involved in the care and treatment of the decedent during her incarceration and/or were responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols for the supervision, management, safety, care, and treatment of the inmates and/or were responsible for training, educating and/or supervising correctional and/or medical and mental health staff and personnel.

18. Plaintiff now moves this Court for an Order allowing the amendment of his Second Amended Complaint to substitute the following individuals in place of the Jane Does, John Does, Jane Roes, and John Roes:

    (i) Sheriff Robert Maciol and Chief Deputy Lisa Zurek, employees of Oneida County Sheriff's Department who were responsible for overseeing the Oneida County Correctional Facility and, upon information and belief, implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, training and/or educating correctional and/or medical and mental health staff and personnel, in the care, supervision and treatment of the inmates;

(ii) Nazif Chowdhury, M.D., owner and corporate medical director of CBH Medical who, upon information and belief, was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating CBH Medical staff and personnel, in the medical care and treatment of the inmates;

(iii) Nabin Adhikari, M.D., employee of CBH Medical who was the physician and medical director at Oneida County Correctional Facility and who, upon information and belief, had direct involvement in the decedent's medical care and treatment, and was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating CBH Medical staff and personnel, in the medical care and treatment of the inmates;

(iv) Nancy Menter, R.N., employee of CBH Medical who was the health services administrator at the Oneida County Correctional Facility and who, upon information and belief, had direct involvement in the decedent's medical care and treatment, and was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating CBH Medical staff and personnel, in the medical care and treatment of the inmates;

(v) Domenica Bumgolo, employee of Helio Health and program director for forensic mental health at the Oneida County Correctional Facility who, upon information and belief, was responsible for implementing, employing,

enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating Helio Health staff and personnel, in the mental health care and treatment of the inmates.

19. A copy of the proposed Third Amended Complaint with the proposed deletions and insertions delineated is attached hereto as Exhibit F.

20. I have conferred with defense counsel asking for their consent to the proposed amendment and have been told by all counsel they cannot stipulate to the amendment.

21. Pursuant to FRCP 15(a)(2) and FRCP 21, courts should freely give leave to amend when justice so requires.

22. FRCP 15(c)(1)(B) allows amendment of a pleading (B) when the amendment asserts a claim arising out of the same occurrence as set forth in the original pleading or (C) the amendment changes the name of a party against whom a claim is asserted, provided Rule 15(c)(1)(B) is satisfied and the party to be named either received notice of the action or knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity within the time period for serving the complaint pursuant to FRCP 4(m).

23. FRCP 21 gives the Courts broad discretion to allow amendments to add parties at any stage of the action and on such terms as are just.

24. New York CPLR §1024 allows John/Jane Doe substitutions *nunc pro tunc* provided due diligence was exercised to identify the Doe defendant by name and there was sufficient description of the Doe defendant to apprise them that they were the intended party.

25. Between the date of the client intake on April 11, 2023, and expiration of the statute of limitations on April 22, 2023, plaintiff did not have sufficient information, nor was there adequate time, to determine the identities or roles of correctional and medical/mental health staff in order to name or identify them in the Complaint other than as officers, agents, servants, employees, contractors, and sub-contractors, thus, plaintiff included the Doe and Roe defendants to protect the statute of limitations and allow substitution of parties.

26. This case is in the early stages of discovery. Plaintiff has been diligent in reviewing the discovery materials provided by defendants and, upon recognizing that the individuals proposed to be substituted may be pertinent parties hereto, made timely efforts to obtain defense counsels' consent and subsequently seek Court permission to move to amend within the deadline set forth in the Text Scheduling Order of January 22, 2024. Thus, no intent of undue delay or bad faith by plaintiff can be shown.

27. The named employees are united in interest with their respective employers such that it can be presumed that the action against the defendant entities provided notice to the employees, without there being an element of surprise or prejudice.

WHEREFORE, plaintiff respectfully requests an Order allowing plaintiff to amend his Second Amended Complaint to substitute Sheriff Robert Maciol, Chief Deputy Sheriff Lisa Zurek, Nazif Chowdhury, M.D., Nabin Adhikari, M.D., Nancy Menter, R.N., and Domenica Bumgolo in place of the Jane Does, John Does, Jane Roes, and John Roes, and for such other and further relief as the Court deems just and proper.

Dated: April 29, 2024

                                              Jeffrey G. Pomeroy, Esq., Bar Roll No.: 509051
                                              GREENE REID & POMEROY, PLLC
                                              Attorneys for Plaintiff
                                              173 Intrepid Lane
                                              Syracuse, NY 13205
                                              (315) 492-9665

Sworn to before me this
29th day of April 2024.

Notary Public

POLLY A SPRING
No. 01SP5083470
Qualified in Onondaga County
Commission Expires August 11, 2025