IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOSEPH J. BONANZA, As Administrator of the
Estate of TERRA LYNN BONANZA, deceased,

                Plaintiff,

-against-

COUNTY OF ONEIDA, ONEIDA COUNTY
SHERIFF'S DEPARTMENT, ONEIDA
COUNTY CORRECTIONAL FACILITY,
CBH MEDICAL, P.C., HELIO HEALTH, INC.,
AND DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN
ROES (fictitious names, the true identities
of which are unknown by plaintiff at present),

                Defendants.

Case No.: 9:23-cv-691 (DNH/ATB)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF HIS MOTION TO AMEND THE COMPLAINT

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

# TABLE OF CONTENTS

**Page No.**

Table of Authorities..................................................................................ii

Introduction.........…..................................................................................1

Procedural History…................................................................................2

Argument

    Point I......................................................................................6
        Plaintiff is entitled to amend his Complaint to add
        parties pursuant to the Court's Scheduling Order of
        January 22, 2024, Federal Rules of Civil Procedure
        15(A)(2) and 15(C) and/or New York CPLR 1024.

    Point II.....................................................................................9
        Plaintiff is entitled to join new parties pursuant
        to FRCP 21.

Conclusion.............................................................................................10

# TABLE OF AUTHORITIES

**Page No.**

28 U.S.C. §§1331, 1441(a)..................................................................2

EPTL §5-4.1......................................................................................6

FRCP 4(m)........................................................................................7

FRCP 15........................................................................................6, 7

FRCP 21............................................................................................9

L.R. 7.1.............................................................................................8

CPLR 1024........................................................................................7

Sloley v. Lebow, 2019 U.S. Dist. LEXIS 63819..........................6, 8
2019 WL 1593654 (NDNY 2019)

Roloff v. Arabian American Oil Co., 421 F.2d 240...........................6
1970 U.S. App. LEXIS 11016 (2d Cir. 1970)

Poloron Prods. v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556..........6
1976 U.S. Dist. LEXIS 12650 (SDNY 1976)

Forman v. Davis, 371 U.S. 178, 83 S. Ct. 227...................................7
9 L. Ed. 2d 222, 1962 U.S. LEXIS 65 (1962)

Langford v. Fox, 1987 U.S. Dist. LEXIS 619 (SDNY 1987).............8

Rush v. Artuz, 2001 U.S. Dist. LEXIS 17480.................................8, 9
2001 WL 1313465 (SDNY 2001)

Plaintiff, by his attorneys, Greene Reid & Pomeroy, PLLC, submits this Memorandum of Law in support of his motion to amend the Second Amended Complaint.

## INTRODUCTION

The plaintiff's decedent, Terra Lynn Bonanza, was incarcerated at the Oneida County Correctional Facility from March 5, 2021, to March 14, 2021. Defendant CBH Medical, P.C. was the contracted medical services provider, and defendant Helio Health, Inc. was the contracted mental health services provider, at the Oneida County Correctional Facility in March 2021.

The defendants had policies and procedures for the supervision, care and treatment of the inmates, which included conducting medical and mental health assessments in a timely manner, properly documenting inmate refusals to medical assessments, testing the inmates for COVID-19, and referring inmates to the hospital or other outside medical facility for a higher level of treatment.

The decedent, who had a known history of drug abuse and mental health issues, began to exhibit signs of illness and a decline in her physical and mental state, including dehydration, lack of appetite and/or inability and/or refusal to eat, weakness, immobility, bladder and bowel incontinence, jaundice, scleral icterus, fever, nausea, vomiting, abnormal vital signs, joint and muscle pain, and restlessness, which were ignored and/or disregarded by defendants. On March 14, 2021, the decedent required emergency transport to the hospital where she was admitted with diagnoses of COVID-19 virus infection, bilateral pulmonary emboli, dehydration, fever, tachycardia, jaundice, tachypnea, hypotension, elevated lactic acid, leukocytosis, and meeting criteria for sepsis. The decedent remained hospitalized until her death on April 22, 2021.

The plaintiff, Joseph Bonanza, was appointed administrator of decedent's estate on May 16, 2022.

1

I initially met with the plaintiff on April 11, 2023, upon referral of the matter to Greene Reid & Pomeroy by attorney Christopher Pelli, who had handled the estate appointment and prepared and served the Notice of Claim upon defendants County of Oneida and Oneida County Correctional Facility.

At the time of the intake, I was provided with limited records consisting of a redacted copy of the report of findings from the NYS Commission of Correction and a portion of the decedent's incarceration records from CBH Medical. The Commission's redacted report (as well as the unredacted report) referred to individuals by initials only. Likewise, the CBH Medical records did not provide sufficient information to identify medical staff as the signatures were mostly illegible. Plaintiff also did not have information as to the relationship between the Oneida defendants and medical/mental health staff.

## **PROCEDURAL HISTORY**

On April 21, 2023, the plaintiff filed a Summons and Complaint in the New York State Supreme Court of Oneida County against County of Oneida, Oneida County Sheriff's Department, Oneida County Correctional Facility, CBH Medical, P.C., and ABC Corporations, DEF Corporations, Jane Does, John Does, Jane Roes, and John Roes as fictitious defendants whose identities were unknown by plaintiff. The defendants Oneida removed the case to the U.S. District Court for the Northern District of New York by filing a Notice of Removal on June 8, 2023, based on 28 U.S.C. §§1331, 1441(a).

Plaintiff, upon learning that Helio Health, Inc. was the mental health provider for the Oneida County Correctional Facility, amended his Complaint upon stipulation of defense counsel to substitute Helio Health, Inc. for ABC Corporations. The Amended Complaint was filed on August

2

8, 2023. Plaintiff continued to include DEF Corporations and the Does and Roes defendants in the Amended Complaint.

Inadvertently, plaintiff failed to include the Section 1983 claim in the sixth cause of action of plaintiff's Amended Complaint, which was alleged in plaintiff's initial State Court Complaint under the fourth cause of action. The failure to include the Section 1983 claim was not an intentional omission, rather an oversight in preparing the Amended Complaint. Defendants stipulated to the filing of a Second Amended Complaint to include the Section 1983 claim, which was filed on August 25, 2023. DEF Corporations and the Does and Roes continued to be named in the Second Amended Complaint.

The initial Rule 16 conference was held on July 17, 2023, from which a Pretrial Scheduling Order was issued setting the deadline for amending pleadings and joining parties to November 17, 2023. Thereafter, a court conference to discuss discovery issues was held on January 22, 2024, with counsel for the respective parties present. During the conference, plaintiff's counsel requested an extension of the deadline to amend pleadings and join parties, which the court granted, extending the deadline to March 29, 2024. During the conference counsel for defendants did not object to the request for the extension. The March 29, 2024, deadline has been stayed by the Court's Text Order of March 29, 2024, pending plaintiff's motion to amend.

Since the January 2024 discovery conference, plaintiff has received and reviewed defendants' discovery responses. Based on this review, plaintiff has learned the respective roles of certain defendant employees who, upon information and belief, were directly involved in the care and treatment of the decedent during her incarceration, and/or were responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols for the

3

care and treatment of the inmates and/or training and/or supervising correctional and/or contracted staff.

Plaintiff seeks to amend the Second Amended Complaint to substitute the following individuals for the Jane and John Does and Roes:

    (i)    Sheriff Robert Maciol and Chief Deputy Lisa Zurek, employees of Oneida County Sheriff's Department who were responsible for overseeing the Oneida County Correctional Facility and, upon information and belief, implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, training and/or educating correctional and/or medical and mental health staff and personnel, in the care, supervision and treatment of the inmates;

    (ii)    Nazif Chowdhury, M.D., owner and corporate medical director of CBH Medical who, upon information and belief, was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating CBH Medical staff and personnel, in the medical care and treatment of the inmates;

    (iii)    Nabin Adhikari, M.D., employee of CBH Medical who was the physician and medical director at Oneida County Correctional Facility and who, upon information and belief, had direct involvement in the decedent's medical care and treatment, and was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating CBH Medical staff and

4

    personnel, in the medical care and treatment of the inmates;

(iv) Nancy Menter, R.N., employee of CBH Medical who was the health services administrator at the Oneida County Correctional Facility and who, upon information and belief, had direct involvement in the decedent's medical care and treatment, and was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating CBH Medical staff and personnel, in the medical care and treatment of the inmates;

(v) Domenica Bumgolo, employee of Helio Health and program director for forensic mental health at the Oneida County Correctional Facility who, upon information and belief, was responsible for implementing, employing, enforcing, and/or ensuring compliance with policies, procedures and protocols, and/or supervising, overseeing, training, and/or educating Helio Health staff and personnel, in the mental health care and treatment of the inmates.

Plaintiff has conferred with counsel for the defendant entities about stipulating to the amendment and has been informed they cannot give their consent.

5

## ARGUMENT

### POINT I

**PLAINTIFF IS ENTITLED TO AMEND HIS COMPLAINT TO ADD PARTIES PURSUANT TO THE COURT'S SCHEDULING ORDER OF JANUARY 22, 2024, FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 15(C), AND/OR NEW YORK CPLR 1024.**

Plaintiff seeks to substitute individual employees of the defendants in place of the Jane/John Does and Jane/John Roes. Under FRCP 15(a)(2), leave to amend should be freely given when justice so requires. " 'This mandate that leave to amend be freely given is to be heeded.' " Sloley v. Lebow, 2019 U.S. Dist. LEXIS 63819, *4, 2019 WL 1593654 (NDNY 2019), *citing* Roloff v. Arabian American Oil Co., 421 F.2d 240, 242, 1970 U.S. App. LEXIS 11016 (2d Cir. 1970).

Plaintiff is not asserting new claims in the proposed Third Amended Complaint. The claims against the individual employees relate to the same occurrence as set forth in plaintiff's original complaint against the Doe/Roe parties. FRCP 15(c)(1)(B). When plaintiff retained Greene Reid & Pomeroy to handle this case, the two-year statute of limitations, pursuant to New York EPTL §5-4.1, was 11 days from expiration. Plaintiff's counsel reviewed the information that was available at the time, consisting of the redacted report from the Commission of Correction and a portion of the decedent's records generated during her incarceration, which did not provide sufficient information to determine the respective roles of defendants' employees, their identities or their potential liability. Courts have recognized that a party should be given the opportunity to test a claim on the merits and discourage sacrificing a potentially meritorious claim on a technicality in the absence of bad faith or prejudice or that the amendment would be futile. Poloron Prods. v. Lybrand Ross Bros. &

6

Montgomery, 72 F.R.D. 556, 560, 1976 U.S. Dist. LEXIS 12650, **7 (SDNY 1976), *citing* Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222, 1962 US LEXIS 65 (1962).

FRCP 15(c)(1)(C) authorizes amendments of pleadings when the amendment changes the name of the party against whom a claim is asserted as long as the claim arose from the same occurrence as set forth in the original pleading and, within the time for serving the summons and complaint under FRCP 4(m), the new party had notice of the action so as not to be prejudiced in defending the action on the merits and knew or should have known that the action would have been brought against them but for a mistake in the proper party's identity.

Likewise, CPLR 1024 allows amendment to reflect the names of persons where such persons were unknown due to ignorance of the persons true names or identities provided due diligence was exercised to identify the party and there was sufficient description of the party to apprise them that they were the intended party.

At the time of filing his original complaint, plaintiff did not have adequate time before expiration of the statute of limitations, or sufficient information, to determine the respective roles of individual employees or their potential liability, and the materials received relating to the investigation of this matter were redacted to protect the names of the defendants' employees. Therefore, to protect the statute of limitations and allow substitution of parties, plaintiff named the Jane/John Does and Jane/John Roes.

Upon information and belief, based on the employer/employee relationship, the defendant entities and their respective employees would be united in interest in defending the action. This unity of interest between the defendant entities and their employees "generally means that the parties are so closely related in their business operations or other activities that the institution of an action

7

against one serves to provide notice of the litigation to the other." Langford v. Fox, 1987 U.S. Dist. LEXIS 619, *7 (SDNY 1987) (*internal quotations, citation omitted*). Notice need not be formal and where the defendant entity's attorney will be undertaking representation of the defendant employee as well, notice is imputed to the defendant employee. Langford, *Id,* *9. During the Court's conference on April 10, 2024, counsel for the respective defendants indicated they would undertake the defense for the employees if they are substituted in for the Does.

Given that this case is in the early stages of discovery, no surprise or prejudice will result to the defendant entities or individual employees from the amendment. In considering whether an amendment will be prejudicial to a party, courts generally look to whether a party will be required to expend additional significant resources to conduct discovery or prepare for trial, or if the amendment will cause a significant delay in the resolution of the matter. Rush v. Artuz, 2001 U.S. Dist. LEXIS 17480, 2001 WL 1313465 (SDNY 2001).

As mentioned above, the Court extended the deadline to amend pleadings and add parties to March 29, 2024, without objection from defense counsel. Plaintiff sought consent to amend from defense counsel prior to the deadline and, upon being told they would not consent to the amendment, submitted the letter to the court for a conference, pursuant to L.R. 7.1(a)(2), thereby staying the March 29 deadline pursuant to Text Order. Plaintiff has not engaged in undue delay or bad faith in pursuing the amendment. Sloley, *Id.*

## POINT II

### PLAINTIFF IS ENTITLED TO JOIN NEW PARTIES PURSUANT TO FRCP 21.

A proposed amendment to add new parties is generally governed by FRCP 21, which allows the addition of a party at any stage of the action and on such terms as are just. Rush, *Id,* 2001 U.S. Dist. LEXIS 17480, *14. As with amendments under FRCP 15, the courts have broad discretion to allow the addition of new parties, which should be freely given in the absence of undue delay, bad faith, futility, or prejudice. Rush, *Id.*

In Rush, although the statute of limitations had expired in part, the court found the proposed amendment was early in the litigation when discovery had barely commenced, there was no undue delay in seeking the amendment as plaintiff had acted within the deadline set by the court for the amendment of pleadings and addition of parties and the amendment would not cause a delay in the resolution of the case.

Further considerations are whether the amendment will unduly prejudice a party's interests. "[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is undue prejudice to the opposing party." Rush, *Id,* at *19 (*internal quotations, citations omitted*). In determining undue prejudice, factors such as whether the amendment will require the opposing party to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the case are to be considered. Here, no undue prejudice would result to defendants by allowing the amendment. The proposed claims against the employees relate to the same claims set forth in the original complaint, the case is in the early stages of discovery and

9

the employees sought to be added would be witnesses plaintiff would seek to depose whether or not they are parties to the action.

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests the Court allow plaintiff to amend his Second Amended Complaint as set forth herein.

Dated: April 29, 2024

_____
Jeffrey G. Pomeroy, Esq.
Bar Roll No.: 509051
GREENE REID & POMEROY, PLLC
Attorneys for Plaintiff
173 Intrepid Lane
Syracuse, NY 13205
(315) 492-9665

10