```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------X   Civil Docket No.
JOSEPH J. BONANZA, As Administrator of      9:23-CV-00691(DNH-ATB)
the Estate of TERRA LYNN BONANZA,
deceased,                                   Assigned to:
                                            U.S. Magistrate Judge
                    Plaintiff               Mitchell J. Katz
     -against-
                                            ATTORNEY AFFIDAVIT
                                            IN OPPOSITION
COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, ONEIDA COUNTY CORRECTIONAL
FACILITY, CBH MEDICAL, P.C., HELIO HEALTH,
INC., and DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN ROES
(fictitious names, the true identities of
which are unknown by plaintiff at present),

                    Defendants.
----------------------------------------X
STATE OF NEW YORK
                    ss:
COUNTY OF DUTCHESS
```

Jonathan E. Symer, being duly sworn deposes and states as follows:

1. I am an attorney duly admitted to practice before the United States District Court for the Northern District of New York and am the attorney for defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH MEDICAL, P.C. ("CBH Medical") As such, I am fully familiar with the facts, circumstances and proceedings of this action as is further reflected in a file maintained at my offices.

2. This affidavit respectfully is submitted in opposition to plaintiff's motion to amend the Second Amended Complaint (DKT #22) and to substitute Nazif Chowdhury, M.D., Nabin Adhikari,

1

M.D. and Nancy Menter, R.N. in lieu of John Does and Jane Does.

3. As stated in plaintiff's attorney's Affidavit, dated April 29, 2024, at paragraphs 4 and 5, plaintiff's decedent was incarcerated at the Oneida County Correctional Facility ("OCCF") for the period of March 5, 2021 through March 14, 2021 when she was transferred to Faxton - St. Luke's Hospital. Ms. Bonanza remained continuously hospitalized at Faxton - St. Luke's Hospital from March 14, 2021 to April 22, 2021 when she died at Faxton - St. Luke's Hospital. Thus, the last date of CBH Medical's involvement was March 14, 2021.

4. By way of overview, plaintiff's initial Complaint dated April 21, 2023 alleges causes of action for negligence, medical malpractice, wrongful death and constitutional violations brought pursuant to 42 U.S.C. §1983 (DKT #2).

5. As further set forth in plaintiff's Affidavit, plaintiff, Joseph Bonanza, was represented by a previous attorney, Christopher Pelli, Esq., who prepared the Estate documentation. Plaintiff was appointed Administrator of decedent's estate on May 16, 2022 by Limited Letters of Administration. The Letters specifically were limited to commencing a legal action and obtaining records or other documentation in relation thereto (Exhibit A).

6. Plaintiff's prior attorney prepared and it is assumed served the Notice of Claim, dated May 6, 2022, against County of

2

Oneida and Oneida County Correctional Facility. The Notice of Claim referenced negligence, medical malpractice and deliberate indifference (Exhibit B).

7. Plaintiff's prior attorney represented plaintiff at the 50-h Hearing held on November 17, 2022 which was conducted by counsel for the County of Oneida (Exhibit C).

8. Based on the absence of any statement to the contrary by plaintiff's current attorney, at least six months elapsed from the grant of authority to obtain documentation and records pursuant to the Letters of Administration without such action by or on behalf of plaintiff. Alternatively, the medical records for the incarceration as maintained by CBH Medical were obtained but not investigated as to the roles and identities of the individuals labeled John Does and Jane Does. Moreover, approximately five further months elapsed with similar inaction from the 50-h Hearing until plaintiff's current attorney assumed the representation of plaintiff, which he stated occurred in April, 2023. Thus, almost one year elapsed until plaintiff filed the initial Complaint on April 21, 2024.

9. To the extent plaintiff's attorney now asserts he had an inability to name the John Doe/Jane Doe medical providers as of April 21, 2022, plaintiff's attorney initially fails to account for the actions or inactions on behalf of plaintiff for the one year preceding his filing of the Complaint.

10. As set forth in plaintiff's Affidavit, on June 8, 2022 the County of Oneida filed a Notice of Removal to the U.S. District Court, pursuant to 28 U.S.C. §1331 and §1441(a) (DKT #1); CBH Medical filed its consent to the Removal on June 9, 2023 (DKT #5. CBH Medical filed its Answer on June 9, 2023 (DKT #7).

11. The attorneys conducted the required FRCP Rule 26 conference and submitted the proposed schedule for completion of pre-trial proceedings to the Court. The Rule 16 conference was held on July 17, 2023 before Honorable Andrew Baxter with the deadline for amending pleadings and for additional parties set for November 17, 2023 (DKT #11).

12. On July 17, 2023, CBH Medical served its Rule 26 mandatory disclosure. Included with this disclosure was a complete copy of the CBH Medical record for the incarceration of March 5, 2021 to March 14, 2021; a copy of the disclosed record is annexed as Exhibit D. The page 45 of the disclosed record clearly identifies the nursing providers of record and at page 17-20, Nabin Adhikari, M.D. is clearly legible. In addition, the Rule 26 disclosure identifies Nancy Menter, HSA, RN and Nabin Adhikari, M.D. The Rule 26 disclosure is annexed as Exhibit E.

13. Subsequently, plaintiff's attorney inquired of defense counsel as to CBH Medical's role in the provision of mental health care at OCCF and plaintiff was informed the provider was Helio Health. At plaintiff's request, a Stipulation to accept an

amended Complaint was agreed to and plaintiff filed his first Amended Complaint on August 8, 2023 (DKT #10). Plaintiff's attorney was informed by defense counsel the Amended Complaint did not include the 42 U.S.C. §1983 claim. Plaintiff asserted an oversight and defendants stipulated to plaintiff's filing the Second Amended Complaint on August 25, 2023 (DKT #22). Defendant CBH Medical filed its Answer to the Second Amended Complaint on September 7, 2023 (DKT #26).

14. Thus, through August 25, 2023, a greater than 120 days from the initial Complaint, plaintiff did not undertake any steps or make any inquires of defense counsel to identify the John/Jane Does despite Rule 26 conferences, Rule 16 conference, receipt of the full records of CBH Medical and a listing of individuals, inclusive of Nancy Menter, HSA, R.N. and Nabin Adhikari, M.D. in the medical record.

15. Moreover, plaintiff's attorney acknowledges possession of both the redacted and unredacted Commission of Correction Report. In salient part, the report identifies clear initials, titles and roles/duties for both "NM, RN" and "NA, M.D." These redacted records unequivocally and readily establish the identity of both reported John/Jane Does as Nancy Menter and Nabin Adhikari at least four plus months before the instant motion (September, 2023) and further demonstrate the ongoing absence of diligence on the part of plaintiff to identify the John/Jane Doe

defendants.

16. On or about October 30, 2024, plaintiff served a first set of discovery demands and interrogatories. On January 31, 2024, disclosure responses were served on plaintiff and for defendant CBH Medical's document disclosure. On February 2, 2024, defendant CBH Medical's interrogatory responses were served on plaintiff. More than six (6) weeks elapsed thereafter until plaintiff made his application to serve a third Amended Complaint. This set of responses again provided the requisite information to identify Nurse Menter and Dr. Adhikari.

17. A conference was held on January 22, 2024 to address outstanding disclosure which included plaintiff's request to extend the time to file amended pleadings or add parties. Plaintiff's attorney did not identify the substance of the potential amendment or potential parties. Plaintiff's attorney specifically did not request the identity of the John Doe/Jane Doe defendants prior to or at the conference nor was the Court's assistance in doing so elicited by plaintiff.

18. Plaintiff's attorney's very first communication of an intent to seek to file a third Amended Complaint to substitute for the John/Jane Does was a telephone request to your Affiant on March 15, 2024; plaintiff requested a stipulation to permit the amendment and stated the proposed persons to be substituted. Plaintiff's attorney was advised the request was denied as the

statute of limitations had expired on all causes of action rending the amendment futile and I did not have authority to consent.

19. As the Court is aware, the statute of limitations as to a wrongful death claim is two (2) years from the date of death pursuant to EPTL 5:4. The statute of limitations on this cause of action expired as of April 22, 2023. The statute of limitations for the negligence claims, if substantively pled, is three (3) years from the date of last contact on March 14, 221 pursuant to CPLR §214(5) and the constitutional claims brought pursuant to 42 U.S.C. §1983 also are three (3) years utilizing New York Law. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).

20. At the April 10, 2024 conference the Court granted plaintiff leave to make the pending motion as none of defendants conceded to so stipulate. Contrary to plaintiff's assertion, your Affiant did not affirmatively advise the Court that I would be representing the new defendants if served but instead, the Court was advised this issue was not resolved.

21. CBH Medical has not been the contract provider for medical care at OCCF since December 31, 2022 or prior to the filing of the original Complaint on April 21, 2023. The employment relation between CBH Medical, P.C. and Nabin Adhikari, M.D. ended on March 10, 2022. The employment relation between

7

Nancy Menter, R.N. and CBH Medical ended on December 31, 2022. As set forth in the annexed Affidavit of the corporate representative for CBH Medical, it had no ongoing contact with either after the employment ended and no contact, including subsequent to the service of the original Complaint to the present (Exhibit F). Thus, it cannot be asserted the proposed new defendants, Dr. Adhikari and Nurse Menter, are so closely related to CBH Medical as to satisfy notice to one by commencement of an action against the other.

22. Plaintiff's attorney improvidently focuses on the window of time between his receipt of the referral to represent plaintiff and the expiration of the statute of limitations for a cause of action sounding in wrongful death (April 11, 2023 to April 22, 2023) to attempt to show due diligence at the time was not possible. Quite the opposite, overall due diligence by plaintiff from May 6, 2022 onward to March 14, 2024 unequivocally was not demonstrated. Moreover, plaintiff improperly relies upon FRCP 15(c) to relate to his obviously time barred claims to the original Complaint but fails to meet the requirements of that statute, FRCP 21 or CPLR 1024.

23. Moreover, the elapse of time has the clear potential to negatively impact an memory for these individual defendants concerning the facts and circumstances of the involvement with Ms. Bonanza as more than three years elapsed. Clearly, this

represents prejudice to both Dr. Adhikari and Nurse Menter and also contains an element of surprise.

24. Additionally, plaintiff seeks to add further claims attributed to Dr. Chowdhury, Dr. Adhikari and/or Nurse Menter as set forth at paragraphs 35, 38 and 101-104. Plaintiff offers no rationale or support for a basis to amend the pleadings as to these claims and does not advance an argument for their inclusion; each is well beyond the allegations set forth in the initial pleadings, are also time barred and should be disallowed.

WHEREFORE, it respectfully is requested the Court issue an Order denying plaintiff's request to file a Third Amended Complaint as futile, time barred and not subject to the relief set forth at FRCP §§15, 21 or CPLR 1024 together with such other and further relief as the Court deems just and proper.

_____
JONATHAN E. SYMER

Swore to before me on
May 29, 2024.

_____
Notary Public

DEBORAH NOVICK
NOTARY PUBLIC, State of New York
No. 4958085
Qualified in Dutchess County
Commission Expires Oct. 30, 20 25

9