UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------X    Civil Docket No.
JOSEPH J. BONANZA, As Administrator of    9:23-CV-00691(DNH-ATB)
the Estate of TERRA LYNN BONANZA,
deceased,                                 Assigned to:
                                          U.S. Magistrate Judge
                        Plaintiff         Mitchell J. Katz

     -against-

COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, ONEIDA COUNTY CORRECTIONAL
FACILITY, CBH MEDICAL, P.C., HELIO HEALTH,
INC., and DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN ROES
(fictitious names, the true identities of
which are unknown by plaintiff at present),

                        Defendants.
------------------------------------X

## MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PLEADINGS

Dated:    Poughkeepsie, New York
          May 29, 2024

                    Respectfully submitted,

                    The Law Offices of
                    **STEINBERG, SYMER & PLATT, LLP**


                    _____
                    By: JONATHAN E. SYMER
                    (USDC NDNY Bar Roll No.:516292)
                    Attorneys for Defendant
                    CBH MEDICAL, P.C. and SM DENTAL, P.C.
                    s/h/a CBH MEDICAL, P.C.
                    22 IBM Road, Suite 201
                    Poughkeepsie, New York  12601
                    (845) 471-4455

TO:  GREENE REID & POMEROY, PLLC
     Attorneys for Plaintiff
     173 Intrepid Lane
     Syracuse, New York 13205

     SUGARMAN LAW FIRM, LLP
     Attorneys for Defendants
     COUNTY OF ONEIDA, ONEIDA COUNTY
     SHERIFF'S DEPARTMENT and ONEIDA COUNTY
     CORRECTIONAL FACILITY
     211 West Jefferson Street
     Syracuse, New York 13202

     GOLDBERG SEGALLA LLP
     By: Christina M. Verone Juliano, Esq.
     Attorneys for Defendant
     HELIO HEALTH, INC.
     5786 Widewaters Parkway
     Syracuse, New York 13214

## **TABLE OF CONTENTS**

Page No.

TABLE OF AUTHORITIES ............................. ii

PRELIMINARY STATEMENT ............................ 1

PLAINTIFF'S CLAIMS ............................... 1

PROCEDURAL HISTORY ............................... 2

STATEMENT OF FACTS ............................... 2

ARGUMENT ......................................... 8

CONCLUSION........................................ 14

i

## TABLE OF AUTHORITIES

**Page No.**

Federal Rules of Civil Procedure Rule
15(c)(1), Rule 21 and CPLR §1024 ............    1, 8

42 U.S.C. §1983 ............................    2, 8

CPLR 214(5) ...............................    8

FRCP 15(c)(1)(C) ...........................    10

FRCP Rule 15(c) ............................    13

Corso v. Calle-Palomeque, 2020 U.S.Dist.
LEXIS 91882*6; 2020 WL 2731969
(S.D.N.Y. May 26, 2020) ...................    8, 9, 11, 13

Hogan v. Fischer, 738 F.3d 509, 517
(2d Cir. 2013) ............................    8, 9, 10, 11, 12

Johnson v. Owens, 2023 U.S.Dist. LEXIS 145906*26;
2023 WL 5351017 (N.D.N.Y. August 21, 2023) ..    9, 10, 13

Pearl v. City of Long Beach, 296 F.3d 76,
80 (2d Cir. 2002) .........................    9

Wilson v. City of New York, 2017 U.S. Dist.
LEXIS 52539*6-7; (S.D.N.Y. April 4, 2017) ....    9, 12

Chinese Am. Citizens All. Greater NY v.
N.Y.C. Dept of Educ, 2024 U.S. Dist.
LEXIS 75774*8 (S.D.N.Y. April 25, 2024) .......    9

Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067,
1075 (2d Cir. 1993), ......................    10

Barrow v. Wethersfield Police Dept., 66 F.3d 466,
470 (2d Cir. 1995) ........................    11

Bumpus v. New York City Transit Auth., 66 A.D.3d
26, 883 N.Y.S.2d 99, 104 (2nd Dept. 2009) ......    12

Langford v. Fox, 1987 U.S. Dist. LEXIS 619
(S.D.N.Y. February 3, 1987) .................    12

ii

## PRELIMINARY STATEMENT

This Memorandum of Law respectfully is submitted on behalf of defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH MEDICAL, P.C. ("CBH Medical") in opposition to plaintiff's motion seeking leave to file a third amended Complaint. The proposed Complaint seeks to substitute CBH Medical, P.C.'s prior employees, Nancy Menter, HSA, R.N., Nabin Adhikari, M.D. and its Medical Director, Nazif Chowdhury, M.D. for certain John Doe/Jane Doe defendants pled in plaintiff's original Complaint. It also seeks to add further allegations specifically at paragraphs 35, 38 and 101-104.

Defendant, CBH Medical, respectfully submits plaintiff's proposed amendment is futile as the statutes of limitations for all causes of action have expired prior to the instant motion seeking to substitute named individuals for John/Jane Doe defendants. It further is asserted plaintiff has failed to satisfy the requirements of Federal Rules of Civil Procedure Rule 15(c)(1), Rule 21 and CPLR §1024.

## PLAINTIFF'S CLAIMS

By way of brief overview, plaintiff's Second Amended Complaint (the current operative pleading), dated August 25, 2023, basically asserts CBH Medical, P.C. was the contract medical provider at Oneida County Correctional Facility ("OCCF"). Plaintiff's decedent, Terra Lynn Bonanza ("Ms. Bonanza") was

1

incarcerated at OCCF for the period of March 5, 2021 through March 14, 2021.  On March 14, 2021 Ms. Bonanza was transferred to Faxton - St. Luke's Hospital where she remained admitted until her death on April 22, 2021.  Plaintiff raises multiple causes of action against CBH Medical and co-defendants alleged to have occurred during the incarceration including negligence, malpractice and constitutional violations pursuant to 42 U.S.C. §1983 (DKT #22).

Defendant, CBH Medical, has filed its Answer to the Second Amended Complaint, specifically denying all substantive allegations and raising affirmative defenses addressing the claims (DKT #28).  The merit of any claims by plaintiff or the defenses by CBH Medical are not at issue in this motion as it solely is directed to the proposed Third Amended Complaint substitution of named defendants for John Doe and Jane Doe.  CBH Medical reiterates its combined denial of any merit to plaintiff's assertions and in opposition to plaintiff's Attorney's Affidavit or Memorandum of Law.

### PROCEDURAL HISTORY

The procedural history of this action is set forth in detail in the accompanying Affidavit by the attorney for CBH Medical and respectfully is made a part hereof.

### STATEMENT OF FACTS

Following appointment of plaintiff, as Administrator of the

2

Estate of Ms. Bonanza, on May 16, 2022, plaintiff's initial attorney, Christopher Pelli, Esq., served a Notice of Claim, dated August 5, 2022. Plaintiff appeared for a 50-h Hearing on November 17, 2022. The Letters of Administration specifically authorized plaintiff to commence an action on behalf of Ms. Bonanza and empowered plaintiff to obtain medical records and documentations in relation thereto. Based on the current Affidavit of plaintiff's attorney, plaintiff's initial attorney undertook limited or no action to ascertain the identities of the John Doe or Jane Doe defendants.

Thus, approximately one year elapsed until the case was transferred to plaintiff's current attorney with no attempt to identify the medical staff. Moreover, neither of plaintiff's attorneys did not search the N.Y.S. Business Entity Database which clearly would have identified principal owner's name for CBH Medical (Dr. Chowdhury) as well as its registered agent for service of process. Instead, only the corporate address apparently was obtained and service of process was effected on CBH Medical via the Secretary of State subsequent to April 27, 2023. Thus, plaintiff failed to take any reasonable steps to identify Narif Chowdhury, M.D., Nabin Adhikari, M.D. and Nancy Menter, R.N. through the filing of the original Complaint.

As set forth in the attached Affidavit from CBH Medical's Administrator, CBH Medical ceased being the contract medical

3

provided at OCCF as of December 31, 2022 or prior to the
institution of this action and service of process on CBH Medical
via mail at its corporate address in Pennsylvania.  This
Affidavit further discloses the proposed substitute defendants
were not employees of CBH Medical as of the date of the
Complaint. Nabin Adhikari, M.D. had separated from CBH Medical on
March 10, 2022 and Nancy Menter, HSA, R.N. had ceased being an
employee of CBH Medical as of December 31, 2022. No contact was
made by CBH Medical to either proposed defendant after the
employment ended and to the present including specifically after
the service of the original Complaint (Exhibit I).

After the action was removed to the U.S. District Court,
Northern District of New York, by Notice of Removal, dated June
8, 2023 (DKT #1 & #2), CBH Medical filed its Answer on June 9,
2023 (DKT #7).

Notably, the Clerk's Office issued its Text Notice, dated
June 9, 2023, advising plaintiff that Summonses would not be
issued for the John Doe defendants and plaintiff "shall take
reasonable steps to ascertain their identity" and thereafter may
seek to amend to add the properly named defendants pursuant to
FRCP 15.

On July 17, 2023, CBH Medical served its mandatory Rule 26
disclosure.  In pertinent part, the disclosure contained a
complete copy of the medical record for March 5 to March 14, 2021

4

which contains a signature/initial identification sheet with the corresponding printed name for each signature and initial of all nursing staff involved including Nancy Menter, R.N. and title of HSA.  It is the last page of the disclosed record (Exhibit D, p. 45 of 45).  The Rule 26 disclosure further set forth a listing of individuals with knowledge including Nancy Menter, R.N. and Nabin Adhikari, M.D. (Exhibit E).

Although plaintiff's attorney appends an exhibit to his Affidavit, the CBH Medical records he represented to be in his possession, he does not attach the complete records which were served on plaintiff's attorney on July 17, 2023 as set forth as Exhibit D to this Affidavit.

Notably, Nabin Adhikari, M.D.'s treatment note and orders are contained in the CBH Medical Rule 26 disclosure.  It is submitted the name for Dr. Adhikari is quite legible and certainly amenable to being derived from the Rule 26 disclosure; he is the only physician identified (Exhibit D, p. 17 & 20 and Exhibit E).

Plaintiff's attorney did reach out to the defendants for the identity of the mental health provider which was provided.  Thus, plaintiff filed an Amended Complaint on stipulation and consent of defendants on August 8, 2023 (DKT #15) and a Second Amended Complaint on August 25, 2023 (DKT #22).  CBH Medical filed its Answer to the Amended Complaint on September 7, 2023 (DKT #26)

5

and its Answer to the Second Amended Complaint on September 14, 2023 (DKT #28).

From April 22, 2023 through August 25, 2023 and thereafter, a period greater than 120 days, plaintiff's attorney made no attempt to elicit or otherwise obtain the identity of the John Doe/Jane Doe defendants despite serving an Amended Complaint and a Second Amended Complaint; both amended complaints addressed fictitious named corporations.

As set forth in the attached Affidavit of counsel, plaintiff's attorney also was in possession of the redacted report of the Commission of Corrections, dated March 29, 2022; and by protective order, dated September 18, 2023, plaintiff became in possession of the unredacted report of the Commission (DKT #29).

A review of both reports from the Commission clearly contains the initials and roles of both Nancy Menter, R.N. and Nabin Adhikari, M.D. which are readily comparable to the documents (medical records and Rule 26 disclosure) and if done, the identities of each, once again, were discernable.

Following initial service of document demands and interrogatories on October 30, 2023, defendant served responses on January 31, 2024 and February 2, 2024, respectively (Exhibits G and H). Once again, no prompt effort was made to identify the John/Jane Does.

Additionally, a Court conference was held on January 22, 2024. Plaintiff's attorney did not reference any difficulty in obtaining the identities of the John Doe/Jane Doe defendants. Plaintiff merely requested an extension to March 29, 2024 for amended pleadings and joinder of parties, but did not provide any details or any intent to substitute named persons in place of the John Doe/Jane Doe defendants.

Thus, an additional six weeks elapsed until the initial telephone call to your Affiant on March 15, 2024. For the first time, plaintiff's attorney advised he was seeking to substitute Nazif Chowdhury, M.D., Nabin Adhikari, M.D. and Nancy Menter, R.N. for the John Doe/Jane Doe defendants. Plaintiff's attorney was advised the request was, in the opinion of your Affiant, futile as the statute of limitations had expired on all potential causes of action and I had no authority to consent. Thereafter, this motion ensued after conference with the Court on April 10, 2024. Plaintiff was given permission to file the motion by April 30, 2024 and defendants' response was ordered to be filed on or before May 30, 2024; as such, this opposition is timely.

Based on the record, plaintiff undertook limited or no steps to identify the John Doe/Jane Doe defendants from inception until the very end of the applicable statute of limitations (March 14, 2024) and then sought consent to amend after the elapse of the statute of limitations. The pending motion clearly is made after

7

expiration of the statute of limitations.  Additionally, almost one year has elapsed since the original Complaint was filed and two years since the appointment of plaintiff as Administrator. Thus, the requested substitutions are futile as time barred and plaintiff's inaction negates the express provisions of FRCP Rule 15(c)(1), Rule 21 and CPLR §1024.

**ARGUMENT**

PLAINTIFF IS NOT ENTITLED TO FILE
THE THIRD AMENDED COMPLAINT TO SUBSTITUTE
FOR THE JOHN DOE/JANE DOE DEFENDANTS

Plaintiff has failed to substantiate his entitlement to file an amended Complaint substituting Nazif Chowdhury, M.D., Nabin Adhikari, M.D. and Nancy Menter, R.N. or some of the proposed named defendants for the John Doe/Jane Doe defendants.

First, it is the well established law of this Circuit that the statute of limitations for actions for alleged constitutional violations pursuant to 42 U.S.C. §1983 adopts the State law for personal injury negligence actions.  In this case, the operative State law statute of limitations is three (3) years pursuant to CPLR 214(5).  Thus, the longest statute of limitations applicable to this action is three years.  <u>Corso v. Calle-Palomeque</u>, 2020 U.S.Dist. LEXIS 91882*6; 2020 WL 2731969 (S.D.N.Y. May 26, 2020); <u>Hogan v. Fischer</u>, 738 F.3d 509, 517 (2d Cir. 2013).

As set foth <u>supra</u> and affirmatively acknowledged by plaintiff's attorney, the last date of decedent's incarceration

*THE LAW OFFICES OF* • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601

at OCCF was March 14, 2021. (Plaintiff's Memorandum of Law at p.
1 and plaintiff's Affidavit at p. 2 (DKT #52-7&8). Applying the
three year statute of limitations, plaintiff's proposed claims
were time barred as of March 14, 2024 or prior to the initiation
of this motion to amend. <u>Johnson v. Owens</u>, 2023 U.S.Dist. LEXIS
145906*26; 2023 WL 5351017 (N.D.N.Y. August 21, 2023); citing
<u>Pearl v. City of Long Beach</u>, 296 F.3d 76, 80 (2d Cir. 2002).

Generally, "John Doe" pleadings cannot be used to circumvent
the statute of limitations. That is, replacing a John Doe
defendant with a named party in effect constitutes a change in
the party sued. <u>Wilson v. City of New York</u>, 2017 U.S. Dist.
LEXIS 52539*6-7; (S.D.N.Y. April 4, 2017) citing <u>Hogan v.
Fischer</u>, supra @ 517.

A District Court may deny a motion to amend on the grounds
that the statute of limitations would bar the plaintiff's claim
against the defendant sought to be added. <u>Chinese Am. Citizens
All. Greater NY v. N.Y.C. Dept of Educ</u>, 2024 U.S. Dist. LEXIS
75774*8 (S.D.N.Y. April 25, 2024).

Most federal district courts within the Second Circuit have
not allowed the amendment of a Complaint to add an individual
officer's name after the statute of limitations has run to relate
back to the filing of the original Complaint naming "John Doe" as
a defendant; instead they rule that Section 1983 claims are time
barred against the newly named defendants. <u>Corso v. Calle-</u>

*THE LAW OFFICES OF* • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601

Palomeque, 2020 U.S. Dist. LEXIS supra @*7; citations omitted.

Here, the operative Complaint is the first Complaint filed on April 21, 2024 for the purposes of assessing these claims.

John Doe substitution may only be accomplished when all of the specifications of FRCP 15(c) are met. Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993), see Hogan v. Fischer, 738 F.2d 509, 517.

Pursuant to FRCP 15(c)(1)(C), an amended complaint which adds a new party, or replaces a "Doe" defendant with a named defendant, will be deemed to relate back to the date of the original pleading, provided that: (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within [90] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

The Second Circuit Courts uniformly have interpreted Rule 15(c)(1)(C) to preclude relation back for amended complaints that add new defendants where the newly added defendants were not named originally because the plaintiff did not know their identities. Johnson v. Owens, 2023 U.S. Dist. LEXIS 145906 supra

10

at 27-28, citing <u>Hogan v. Fischer</u>, 738 F.3d @ 517. "The failure to identify individual defendants when plaintiff knows that such defendants must be named" cannot be characterized as a mistake for the purpose of this statute.  <u>Id,</u> quoting <u>Barrow v. Wethersfield Police Dept.</u>, 66 F.3d 466, 470 (2d Cir. 1995).

Here, it respectfully is submitted plaintiff cannot satisfy the requirements beyond asserting the claim was set out to some degree in the initial pleading.  As set forth in the annexed Affidavit of Shane Sunday, the proposed new defendants, Nancy Menter, R.N. and Nabin Adhikari, M.D. had no employment relation with CBH Medical as of December 31, 2022 (March 10, 2022 for Dr. Adhikari) and no correspondence was made to either concerning the Complaint after it was served.  Moreover, pursuant to FRCP Rule 4, well more than 90 days from the original Complaint elapsed and neither were served and neither received notice of the Complaint by their prior employer.

To the extent plaintiff's assertion is entitlement to relation back pursuant to FRCP 15(c) or FRCP Rule 21, plaintiff's assertion is misplaced and ignores CPLR §1024.  To assert *nunc pro tunc* substitutions, plaintiff must satisfy not only that the original pleading fairly apprises the new party that he/she is the intended defendant but also plaintiff must exercise due diligence, prior to the expiration of the statute of limitations to identify the defendant by name. <u>Corso v. Calle-Palamaque</u>, 2020

11

U.S. LEXIS 91882 supra @8, citing <u>Hogan v. Fischer</u>, 738 F.3d

supra @519, quoting <u>Bumpus v. New York City Transit Auth.</u>, 66

A.D.3d 26, 883 N.Y.S.2d 99, 104 (2nd Dept. 2009).  The <u>Bumpus</u>

Court held "Any failure to exercise due diligence to ascertain

the 'Jane Doe's' by name subjects the Complaint to dismissal as

to that party.  <u>Id</u> @104.  Courts have proposed various steps that

a plaintiff may take to ascertain the actual name of a John Doe

defendant.  <u>Wilson v. City of New York</u>, 2017 U.S. Dist. LEXIS

52539 @ 8 (S.D.N.Y. April 4, 2017).  Plaintiff undertook none of

these steps in a substantive timely manner.

In the instant case, despite plaintiff's assertions to the

contrary, plaintiff's due diligence was not demonstrated

throughout the litigation to the time of the initially proposed

complaint.  The extended time periods and circumstances are

delineated above and in the accompanying Affidavit.  Clearly,

failures to exercise due diligence are amply demonstrated and

plaintiff should be precluded from these amendment.  <u>Id.</u>

Plaintiff also may not take solace in <u>Langford v. Fox</u>, 1987

U.S. Dist. LEXIS 619 (S.D.N.Y. February 3, 1987).  In <u>Langford</u>,

the party to be substituted was named and the attorney had

relationship with all parties, during the underlying acts and

subsequent to the original pleadings so an identity of interest

and by that constructive notice may be found.  Here, as set forth

in Shane Sunday's Affidavit, no relation existed after December

12

31, 2022 at the latest, no attorney relationship has been established as to Nabin Adhikari, M.D. or Nancy Menter, R.N. and the Court was advised at the April 10, 2024 conference that representation was not established.

The Court's consideration respectfully is directed to the reasoning and holdings in <u>Corso v. Calle-Palomeque</u>, 2020 U.S. Dist. LEXIS 91882, supra and in <u>Johnson v. Owens</u>, 2023 U.S. Dist. LEXIS 145906 supra. Both cases involved motions by plaintiff to substitute for John Doe defendant in actions which were represented by a single defense attorney for other named defendants and employees. Both Courts recently denied relation back and dismissed the claims against the John Doe defendants as time barred and not subject to relief pursuant to FRCP Rule 15(c) or by any other device. It is submitted the same denial of the instant motion to amend should be granted in this case to the benefit of, at the very least, Nabin Adhikari, M.D. and Nancy Menter, R.N. as well as Dr. Chowdhury if the Court concludes Dr. Chowdhury's relation to CBH Medical does not preclude denial pursuant to the operative statutes.

It also is submitted that the proposed defendants will sustain prejudice beyond the negative impact of being potentially brought into this litigation that is now almost two years from the Notice of Claim (to which they were not parties due to the lack of diligence by plaintiff). That is, this unduly delay

13

impacts negatively on memory and thus, impacts on the quality of their defense, if needed.

**CONCLUSION**

WHEREFORE, it respectfully is requested the Court issue an Order denying plaintiff's request to file a Third Amended Complaint naming the identified individual as time barred and not subject to the relief set forth at FRCP §§15(c), 21 or CPLR 1024 together with such other and further relief as the Court deems just and proper.

Dated:    Poughkeepsie, New York
          May 29, 2024

                              Respectfully yours,

                              The Law Offices of
                              **STEINBERG, SYMER & PLATT, LLP**

                              _____
                              By: JONATHAN E. SYMER
                              (USDC NDNY Bar Roll No.:516292)
                              Attorneys for Defendant
                              CBH MEDICAL, P.C. and SM DENTAL, P.C.
                              s/h/a CBH MEDICAL, P.C.
                              22 IBM Road, Suite 201
                              Poughkeepsie, New York  12601
                              (845) 471-4455

TO:  GREENE REID & POMEROY, PLLC
     Attorneys for Plaintiff
     173 Intrepid Lane
     Syracuse, New York 13205

     SUGARMAN LAW FIRM, LLP
     Attorneys for Defendants
     COUNTY OF ONEIDA, ONEIDA COUNTY
     SHERIFF'S DEPARTMENT and ONEIDA COUNTY
     CORRECTIONAL FACILITY
     211 West Jefferson Street
     Syracuse, New York 13202

GOLDBERG SEGALLA LLP
By: Christina M. Verone Juliano, Esq.
Attorneys for Defendant
HELIO HEALTH, INC.
5786 Widewaters Parkway
Syracuse, New York 13214

15