EXHIBIT F

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ONEIDA

JOSEPH J. BONANZA, As Administrator of the
Estate of TERRA LYNN BONANZA, deceased,

                Plaintiff,

-against-

COUNTY OF ONEIDA, ONEIDA COUNTY
SHERIFF'S DEPARTMENT, ONEIDA
COUNTY CORRECTIONAL FACILITY,
CBH MEDICAL, P.C., AND ABC CORPORATIONS,
DEF CORPORATIONS, JANE DOES, JOHN DOES,
JANE ROES, AND JOHN ROES (fictitious names,
the true identities of which are unknown by plaintiff
at present),

                Defendants.

**SUMMONS**

Index No.: _____

---

The Plaintiff Designates ONEIDA COUNTY as the Place of Trial.
The Basis of the Venue is PLAINTIFF'S RESIDENCE.
The Plaintiff Resides at 1011 CHURCHILL AVENUE, UTICA, ONEIDA
COUNTY, NEW YORK 13502.

---

**TO THE ABOVE-NAMED DEFENDANTS:**

    ***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: April 21, 2023

                             _____
                             Jeffrey G. Pomeroy, Esq.
                             GREENE REID & POMEROY, PLLC
                             Attorneys for Plaintiff
                             173 Intrepid Lane
                             Syracuse, New York 13205
                             (315) 492-9665

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

**Defendants' Address:**
**County of Oneida**
c/o Oneida County Clerk
Oneida County Office Building
800 Park Avenue
Utica, NY 13501

**Oneida County Sheriff's Department**
6065 Judd Road
Oriskany, NY 13424

**Oneida County Correctional Facility**
6075 Judd Road
Oriskany, NY 13424

**CBH Medical, P.C.**
c/o Shane Sunday
980 Harvest Drive, Suite 202
Blue Bell, PA 19422

**ABC and DEF Corporations**
Addresses unknown

**Jane Does and John Does**
**Jane Roes and John Roes**
Addresses unknown

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665
2 of 21

Case 9:23-cv-00691-MJK    Document 55-7    Filed 05/29/24    Page 4 of 22

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONEIDA

JOSEPH J. BONANZA, As Administrator of the
Estate of TERRA LYNN BONANZA, deceased,

**COMPLAINT**

Index No.: _____

                                Plaintiff,

-against-

COUNTY OF ONEIDA, ONEIDA COUNTY
SHERIFF'S DEPARTMENT, ONEIDA
COUNTY CORRECTIONAL FACILITY,
CBH MEDICAL, P.C., AND ABC CORPORATIONS,
DEF CORPORATIONS, JANE DOES, JOHN DOES,
JANE ROES, AND JOHN ROES, (fictitious names,
the true identities of which are unknown by plaintiff
at present),

                                Defendants.

Plaintiff, by his attorneys Greene Reid & Pomeroy, PLLC, as and for his Complaint against the defendants, states and alleges as follows:

1.      At all times relevant hereto, the plaintiff was and is a resident of the City of Utica, Oneida County, New York.

2.      At all times relevant hereto, the plaintiff's decedent, Terra Lynn Bonanza, was a resident of the City of Utica, Oneida County, New York.

3.      Upon information and belief, at all times relevant hereto, the defendant, County of Oneida, was a municipal corporation created, organized and/or existing by virtue of the laws of the State of New York, with a principal place of business in the County of Oneida, New York.

4.      Upon information and belief, at all times relevant hereto, the defendant, Oneida County Sheriff's Department, was a municipal corporation and/or public agency created, organized and/or existing by virtue of the laws of the State of New York, with a principal place of business in the County of Oneida, New York.

5.      Upon information and belief, at all times relevant hereto, the defendant, Oneida County Correctional Facility, was a municipal corporation, public agency and/or division of the Oneida County Sheriff's Department created, organized and/or existing by virtue of the laws of the State of New York, with a principal place of business in the County of Oneida, New York.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

3 of 21

6.    Upon information and belief, at all times relevant hereto, the defendant, CBH Medical, P.C., was a domestic professional service corporation organized and/or existing by virtue of the laws of the State of New York, and/or was authorized to transact business, and/or was transacting business, in New York State on and/or before the date of the events complained of herein, with a corporate address in Blue Bell, Pennsylvania.

7.    Upon information and belief, at all times relevant hereto, the defendants, ABC Corporations (fictitious names, the true identifies of which are unknown by plaintiff at present), were and/or are business organizations organized and/or existing by virtue of the laws of the State of New York, and/or were authorized to transact business, and/or were transacting business, in New York State on and/or before the date of the events complained of herein.

8.    Upon information and belief, at all times relevant hereto, the defendants, DEF Corporations (fictitious names, the true identifies of which are unknown by plaintiff at present), were and/or are business organizations organized and/or existing by virtue of the laws of the State of New York, and/or were authorized to transact business, and/or were transacting business, in New York State on and/or before the date of the events complained of herein.

9.    Upon information and belief, at all times relevant hereto, the defendants, Jane Does and/or John Does (fictitious names, the true identities of which are unknown by plaintiff at present), were officers, officials, agents, servants, employees, contractors, and/or sub-contractors of defendants Oneida County, Oneida County Sheriff's Department, Oneida County Correctional Facility, and/or ABC Corporations, and were acting individually and/or within their official capacity, course, scope, employment, and/or contract with Oneida County, Oneida County Sheriff's Department, Oneida County Correctional Facility, and/or ABC Corporations.

10.    Upon information and belief, at all times relevant hereto, the defendants, Jane Roes and/or John Roes (fictitious names, the true identities of which are unknown by plaintiff at present), were officers, officials, agents, servants, employees, contractors, and/or sub-contractors of defendants CBH Medical, P.C. and/or DEF Corporations, and were acting individually and/or within their official capacity, course, scope, employment, and/or contract with CBH Medical, P.C. and/or DEF Corporations.

11.    The plaintiff was issued Limited Letters of Administration in the Estate of Terra Lynn Bonanza, deceased, by the Surrogate's Court of Oneida County on May 16, 2022, and is duly qualified to prosecute this action on behalf of the estate of Terra Lynn Bonanza and decedent's distributees. A copy of the Limited Letters of Administration is attached as Exhibit "A".

12.    The plaintiff brings this action under EPTL §5-4.1, and such other New York statutes as may be applicable, for the personal injuries, pain and suffering and wrongful death of the decedent, Terra Lynn Bonanza, and the pecuniary injury to decedent's estate and distributees.

13.    This action falls within one or more of the exceptions set forth in CPLR §1602.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

4 of 21

14.     The plaintiff timely and properly served a Notice of Claim with regard to the incident and damages set forth herein upon the defendants, County of Oneida and Oneida County Correctional Facility.

15.     That on November 17, 2022, the plaintiff, Joseph J. Bonanza, appeared at a 50-H hearing pursuant to notice and gave testimony pursuant to the Claim herein.

16.     That more than thirty days have elapsed since the service of the Notice of Claim and defendants have either denied or failed to adjust said claim.

17.     Upon information and belief, at all times relevant hereto, the defendant, County of Oneida, owned, operated and/or managed the Oneida County Sheriff's Department located at 6065 Judd Road, Oriskany, Oneida County, New York.

18.     Upon information and belief, at all times relevant hereto, the defendant, County of Oneida, owned, operated and/or managed the Oneida County Correctional Facility located at 6075 Judd Road, Oriskany, Oneida County, New York.

19.     Upon information and belief, at all times relevant hereto, the defendant, County of Oneida, assumed and maintained responsibility, supervision, control, and/or authority over the Oneida County Sheriff's Department and/or Oneida County Correctional Facility, their officers, agents, servants, employees, contractors, and/or sub-contractors, including but not limited to, CBH Medical, P.C., ABC Corporations, DEF Corporations, Jane Does, John Does, Jane Roes, and/or John Roes.

20.     Upon information and belief, at all times relevant hereto, the defendant, Oneida County Sheriff's Department, owned, operated and/or managed the Oneida County Correctional Facility located at 6075 Judd Road, Oriskany, Oneida County, New York.

21.     Upon information and belief, at all times relevant hereto, the defendant, Oneida County Sheriff's Department, assumed and maintained responsibility, supervision, control, and/or authority over the Oneida County Correctional Facility, its officers, agents, servants, employees, contractors, and/or sub-contractors, including but not limited to, CBH Medical, P.C., ABC Corporations, DEF Corporations, Jane Does, John Does, Jane Roes, and/or John Roes.

22.     Upon information and belief, at all times relevant hereto, officials, officers, agents, servants, employees, contractors, and/or sub-contractors of the defendant, Oneida County Correctional Facility, including but not limited to, Jane Does and/or John Does, assumed and maintained responsibility, supervision, control, and/or authority over the operation and/or management of the Oneida County Correctional Facility.

23.     Upon information and belief, at all times relevant hereto, the defendants, County of Oneida, Oneida County Sheriff's Department and/or Oneida County Correctional Facility, their

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665
5 of 21

officials, officers, agents, servants, employees, contractors, and/or sub-contractors, including but not limited to, ABC Corporations, Jane Does and/or John Does, assumed and/or maintained responsibility, supervision, management, control, and/or authority over the inmates of the Oneida County Correctional Facility.

24.     Upon information and belief, on and/or before March 5, 2021, and at all times relevant hereto, the defendants, County of Oneida, Oneida County Sheriff's Department, Oneida County Correctional Facility, and/or ABC Corporations, hired, contracted with, engaged, and/or employed CBH Medical, P.C., DEF Corporations, Jane Roes, and/or John Roes, to provide medical and/or mental health care services and treatment to the inmates of the Oneida County Correctional Facility.

25.     Upon information and belief, at all times relevant hereto, the defendants, County of Oneida, Oneida County Sheriff's Department, Oneida County Correctional Facility, and/or ABC Corporations, assumed and/or maintained responsibility, supervision, management, control, and/or authority over CBH Medical, P.C., DEF Corporations, Jane Roes, and/or John Roes.

26.     Upon information and belief, on and/or before March 5, 2021, and at all times relevant hereto, the defendants, CBH Medical, P.C., DEF Corporations, Jane Roes, and/or John Roes, contracted with defendants County of Oneida, Oneida County Sheriff's Department, Oneida County Correctional Facility, and/or ABC Corporations to provide medical and/or mental health care services and treatment to the inmates of the Oneida County Correctional Facility.

27.     Upon information and belief, at all times relevant hereto, the defendants, CBH Medical, P.C. and/or DEF Corporations, provided medical personnel and staff to provide and oversee the medical and/or mental health care services and treatment to the inmates of the Oneida County Correctional Facility.

28.     Upon information and belief, at all times relevant hereto, agents, servants, employees, staff, and/or sub-contractors of defendants CBH Medical, P.C. and/or DEF Corporations, and/or defendants Jane Roes and/or John Roes, individually and/or as agents, servants, employees, staff, and/or sub-contractors of defendants CBH Medical, P.C. and/or DEF Corporations, provided and/or oversaw the medical and/or mental health care services and treatment to the inmates of the Oneida County Correctional Facility.

29.     Upon information and belief, at all times relevant hereto, the defendants are liable to the plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

30.     That on or about March 5, 2021, continuing through March 14, 2021, the plaintiff's decedent, Terra Lynn Bonanza, was incarcerated at the Oneida County Correctional Facility, with a known history of drug and alcohol abuse and mental health issues.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

31.     Upon information and belief, upon the decedent's admission to the Oneida County Correctional Facility on March 5, 2021, a suicide risk assessment resulted in a non-emergent referral to mental health, an emergent referral to medical for suspicions of her being under the influence of drugs and/or alcohol and placement on a medical constant watch.

32.     Upon information and belief, at all times relevant hereto, the defendants failed to follow through with and/or implement the mental health and/or medical referrals and/or provide medical and/or mental health care and services, and/or failed to keep the decedent under a medical constant watch.

33.     Further, upon information and belief, at all times relevant hereto, the defendants failed to implement, follow and/or ensure compliance with internal and/or mandatory policies, procedures, protocols, standards, and/or regulations, including but not limited to, COVID-19 protocols, by failing to perform temperature checks on the decedent and/or employ such other measures to determine if the decedent presented with COVID-19 upon intake and/or was exposed to and/or contracted COVID-19 during her incarceration.

34.     Upon information and belief, from decedent's incarceration on March 5, 2021, and continuing through March 14, 2021, while under the care, custody and supervision of the defendants, the decedent's mental and physical condition deteriorated.

35.     Upon information and belief, on March 14, 2021, the decedent required emergency transport to the hospital emergency department, where she was admitted with diagnoses of COVID-19 virus infection, sepsis, septic pulmonary emboli, MRSA bacteremia, thrombocytopenia, acute kidney injury, dehydration with hyponatremia, elevated liver function tests, urinary tract infection, and intractable nausea and vomiting.

36.     The decedent was hospitalized until her death on April 22, 2021, due to septic shock from MRSA bacteremia, endocarditis, bilateral septic pulmonary emboli, COVID-19 pneumonia, respiratory failure, shock liver, hepatic encephalopathy, thrombocytopenia, respiratory and metabolic alkalosis, acute renal failure, and multi-organ failure.

37.     Upon information and belief, at all times relevant hereto, the defendants failed to properly house, monitor, supervise, oversee, assist, care for, and/or treat the decedent, resulting in her death on April 22, 2021.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665
7 of 21

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANTS COUNTY OF ONEIDA, ONEIDA COUNTY
CORRECTIONAL FACILITY ONEIDA COUNTY
SHERIFF'S DEPARTMENT, ABC CORPORATIONS,
JANE DOES, AND JOHN DOES**

38.     Plaintiff repeats and realleges paragraphs "1" through "37" of his Complaint as if set forth fully herein and further states and alleges:

39.     Defendants, individually and/or through their agents, servants, employees, contractors, and/or sub-contractors, were careless, reckless, negligent, grossly negligent, and/or acted willfully, wantonly, egregiously, and/or with reckless disregard and indifference, in their responsibilities, care, custody, control, management, and/or supervision of the decedent, in part by, failing to provide for the proper care, safety and/or well-being of the decedent; violating and/or disregarding regulations, policies, procedures, protocols and/or guidelines for the care, safety, health, and/or well-being of the inmates; failing to follow and/or abide by regulations, policies, procedures, protocols, and/or guidelines for new inmate intakes and assessments; failing to perform a proper, thorough and/or timely intake and assessment on the decedent; failing to perform a thorough and/or timely body search of the decedent for contraband; failing to implement, follow, and/or ensure compliance with COVID-19 management protocols; failing to implement, follow and/or abide by policies, procedures and/or protocols for inmate drug and/or alcohol withdraw; failing to properly assess, observe and/or monitor the decedent; failing to communicate and/or timely communicate the decedent's medical and/or mental health history and/or substance abuse history to the proper personnel; failing to make proper and/or timely referrals to medical and/or mental health services; failing to communicate and/or notify and/or timely communicate and/or notify decedent's behaviors, mentation, refusals, complaints, signs, symptoms, and/or physical and/or mental changes and/or decline to the proper personnel; failing to notify and/or timely notify medical personnel of decedent's medication requirements; failing to adequately, properly, thoroughly, and/or timely document decedent's behavioral issues, mentation, refusals, complaints, signs, symptoms, and/or physical and/or mental changes and/or decline; failing to maintain proper, adequate, thorough, and/or timely logs for the decedent; relaying improper, inaccurate and/or incomplete information to medical and/or mental health service providers; disregarding decedent's behaviors, mentation, refusals, complaints, signs, symptoms, and/or physical and/or mental changes and/or decline; failing to recognize, and/or disregarding, signs and/or symptoms of drug and/or alcohol withdraw and/or intoxication; failing to act upon the decedent's signs and/or symptoms of drug and/or alcohol withdraw; failing to provide the decedent with adequate hydration; disregarding the decedent's inability and/or refusal to eat; disregarding decedent's weakened condition, inability to ambulate and/or inability to toilet herself; allowing the decedent to become and remain soaked in her urine and covered in her feces; failing to provide the decedent with proper hygiene, including but not limited to, a shower, clean clothes and clean bed linens; failing to assist the decedent with proper hygiene; failing to provide the decedent with a clean environment; disregarding and/or ignoring decedent's complaints, distress and/or requests for help; failing to ensure the decedent was timely and/or properly assessed by medical and/or mental health services; failing to communicate with medical

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

and/or mental health services of the urgent and/or emergent need to exam, evaluate and/or assess the decedent; failing to refer, and/or timely refer, the decedent to outside services for the decline in her physical and/or mental conditions; delaying the proper care and/or treatment of the decedent; failing to implement, follow and/or enforce policies, procedures and/or protocols for the proper care and/or safety of the inmates at the Correctional Facility; failing to implement, follow and/or enforce policies, procedures and/or protocols to ensure continuity of medical and/or mental health care and/or treatment for the inmates at the Correctional Facility; failing to orient and/or properly train, instruct and/or educate their agents, servants, employees, staff, personnel, contractors, and/or sub-contractors in the intake, assessment, screening, monitoring, supervision, care, safety, and/or well-being of the inmates; failing to properly train, instruct and/or educate their agents, servants, employees, staff, personnel, contractors, and/or sub-contractors in regulations, policies, procedures, protocols, and/or guidelines for the intake, assessment, screening, monitoring, supervision, care, safety, and/or well-being of the inmates; failing to ensure their agents, servants, employees, staff, personnel, contractors, and/or sub-contractors complied with regulations, policies, procedures, protocols, and/or guidelines pertaining to the intake, assessment, screening, monitoring, supervision, care, safety, and/or well-being of the inmates; failing to provide in-service continuing education programs for its agents, servants, employees, staff, personnel, contractors, and/or sub-contractors; failing to properly and/or adequately oversee, monitor and/or supervise their agents, servants, employees, staff, personnel, contractors, and/or sub-contractors; hiring, employing and/or contracting with agents, servants, employees, staff, personnel, contractors, and/or sub-contractors who were incompetent, inexperienced, unqualified, and/or not properly trained in the care, custody, management, and/or supervision of the inmates; hiring, employing and/or contracting with medical personnel who were incompetent, inexperienced, unqualified, and/or not properly trained in the mental and physical care and treatment of the inmates; causing, allowing and/or contributing to the decedent's deteriorating physical and/or mental health, terminal illness and/or death; causing the decedent to suffer unnecessary harm, injury, pain and suffering, mental anguish and distress, and wrongful death; violating the decedent's state and/or federal constitutional rights; choosing to disregard their duties and responsibilities in the care, custody and/or supervision of the decedent; failing to exercise due diligence in the care of the decedent as was necessary under the circumstances; failing to exercise reasonable and/or ordinary care to prevent harm and injury to the decedent; needlessly endangering the decedent; creating an unsafe environment for the decedent; neglecting the decedent; failing to provide for the health and well-being of the decedent; exposing the decedent to an increased risk of harm; breaching their legal duty to the decedent; failing to provide inmate care services in compliance with applicable Federal, State and/or local laws, rules, codes, statutes, ordinances, regulations, policies, and/or standards; failing to develop and/or maintain administrative and/or operational policies and/or procedures in accordance with New York State, Federal and/or local laws, rules, statutes, codes, regulations, and/or ordinances pertaining to correctional facilities; failing to develop, implement and/or maintain a quality assurance program for providing medical and mental health care services to the inmates; breaching their legal duty to the decedent; failing to operate the Correctional Facility in compliance with laws, rules, regulations, policies, procedures, protocols, and/or standards; and/or were otherwise careless, reckless, negligent, grossly negligent, and/or acted willfully, wantonly, egregiously, and/or with reckless disregard and

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665
9 of 21

indifference, in their responsibilities, care, custody, control, management, and/or supervision of the decedent.

40.     As a direct, sole and proximate cause of the defendants' careless, reckless, negligent, grossly negligent, willful, wanton, and/or egregious conduct, as stated herein, and without any fault on the part of the plaintiff or plaintiff's decedent contributing thereto, the plaintiff's decedent was caused to and did sustain serious personal injuries and harm, pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and was caused to incur expenses for medical care and treatment.

41.     The defendants acted with reckless disregard and indifference to the health, well-being, safety, and life of the decedent for which plaintiff is entitled to punitive damages.

42.     Plaintiff brings this cause of action under the pertinent New York Statutes for decedent's personal injuries and harm, conscious pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and for the damages and losses to decedent's estate.

43.     By reason of the foregoing, the plaintiff claims damages in an amount that exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction over this matter.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS CBH MEDICAL, P.C.,
DEF CORPORATIONS, JANE ROES, AND JOHN ROES**

44.     Plaintiff repeats and realleges paragraphs "1" through "43" of his Complaint as if set forth fully herein and further states and alleges:

45.     Upon information and belief, at all times relevant hereto, the defendants, individually and/or through their agents, servants, employees, and/or sub-contractors, held themselves out as being physicians and/or medical personnel specializing and/or skilled in the care and treatment of incarcerated persons suffering from physical and mental ailments and conditions.

46.     Upon information and belief, at all times relevant hereto, the defendants undertook to care for and treat the inmates of the Oneida County Correctional Facility.

47.     Upon information and belief, at all times relevant hereto, the defendants undertook to provide medical and mental health services to the inmates at the Oneida County Correctional Facility, including the decedent, for which a patient-physician relationship was established.

48.     The defendants had an initial and ongoing duty to provide adequate, competent, proper, and/or timely medical and mental health care and treatment to the plaintiff's decedent.

**GREENE, REID & POMEROY PLLC**
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

10 of 21

49.     The defendants' medical and mental health care and treatment of the plaintiff's decedent was rendered in such a careless, reckless and negligent manner as to constitute negligence, professional negligence and/or malpractice.

50.     That such negligence, professional negligence and/or malpractice consisted in part of failing to perform an assessment of the decedent upon and/or following intake; failing to perform an adequate, proper, thorough, and/or timely assessment of the decedent throughout her incarceration; failing to screen and/or properly and/or timely screen the decedent for medical, mental and/or communicable conditions and/or illnesses, including but not limited to, COVID-19, drug and/or alcohol intoxication and/or withdraw and/or suicidal ideation; failing to perform a body search and/or a thorough and/or timely body search of the decedent for contraband; failing to familiarize themselves with the decedent's medical, social and mental health history; failing to review and/or timely review decedent's initial intake assessment completed by personnel of Oneida County Correctional Facility; failing to review existing medical records for the decedent; failing to perform complete physical examinations on the decedent; disregarding decedent's history of drug and alcohol abuse; disregarding decedent's mental health history; disregarding decedent's medication requirements; failing to address and/or attend to decedent's medical and/or mental health care needs; failing to provide the decedent with necessary medications; denying decedent necessary medications; disregarding an emergent referral to assess and evaluate the decedent for drug and/or alcohol intoxication and/or detoxification; failing to treat and/or properly and/or timely treat the decedent for drug and/or alcohol detoxification; disregarding a referral for mental health services; failing to take and/or document the decedent's temperature, vital signs and/or oxygen saturations upon admission to, and/or throughout her incarceration at, the Oneida County Correctional Facility; failing to implement, follow, enforce, and/or abide by CDC and/or internal protocols and/or guidelines for COVID-19 management; failing to physically observe and/or assess the decedent cell side upon her continued refusals to appear for a medical intake evaluation; failing to explain, and/or properly explain, the consequences of refusing the medical evaluation to the decedent, including but not limited to, potential adverse health effects; failing to thoroughly and/or properly complete the refusal forms, including but not limited to, documenting the decedent's reasons for refusal and/or the consequences of refusing; failing to recognize and/or consider decedent's clinical incapacitation and/or incompetence to refuse medical and/or mental health care; failing to conduct daily assessments on the decedent for drug and/or alcohol detoxification; failing to conduct medical rounds on decedent; failing to conduct routine, regular and/or timely medical rounds on decedent; failing to initiate and/or follow protocol for an inmate on medical constant supervision; failing to initiate and/or follow hunger strike and/or substance abuse withdrawal protocols; relying on non-medical employees, staff and/or personnel of Oneida County Correctional Facility to relay pertinent medical information concerning decedent's complaints, behaviors, mentation, signs, symptoms, and/or physical and/or mental changes and/or declines; failing to perform a medical and/or mental evaluation of the decedent upon notification of decedent's refusals, complaints, behaviors, mentation, signs, symptoms, and/or physical and/or mental changes and/or declines; failing to communicate and/or notify, and/or timely communicate and/or notify, proper medical and/or mental health staff and/or personnel of decedent's refusals, complaints, behaviors, mentation, signs, symptoms, and/or physical and/or mental changes and/or declines; failing to establish and/or

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665
11 of 21

maintain a proper, adequate, thorough, accurate, and/or timely medical chart and/or medical logs for the decedent; failing to maintain legible and/or comprehensible medical notes and/or logs on the decedent; failing to review and/or timely review documentation of decedent's refusals and/or complaints, behaviors, mentation, signs, symptoms, and/or physical and/or mental changes and/or declines; reporting and/or documenting contradictory and/or misinformation in decedent's medical chart; disregarding decedent's refusal and/or inability to eat; disregarding decedent's lack of proper and/or adequate hydration; disregarding decedent's weakened condition, inability to get out of bed, ambulate and/or toilet herself; disregarding decedent's poor and/or lack of hygiene, with knowledge that she was urinating on herself, covered in feces and/or otherwise incontinent; failing to recognize and/or disregarding signs and/or symptoms of decedent's deteriorating physical and mental health condition; failing to treat the decedent for COVID-19; disregarding decedent's distress and cries for help; failing to provide the decedent with mental health services; failing to provide the decedent with adequate, proper and/or timely medical care and treatment; failing to issue proper and/or timely medical and/or mental health orders for the decedent; failing to follow prescribed medical and/or mental health orders; disregarding medical and/or mental health orders; disregarding decedent's mental and/or physical deterioration; failing to screen, evaluate, test, and treat the decedent for serious and life-threatening medical conditions; diagnosing the decedent without a physical and/or mental assessment or examination; improperly diagnosing the decedent; failing to consider differential diagnoses; failing to provide the decedent with continuity of care; failing to have a physician on call to attend to the medical needs of the inmates, particularly emergency and/or life-threatening conditions; failing to oversee and/or supervise nursing staff in the care and treatment of the inmates; failing to refer and/or timely refer the decedent to the hospital for evaluation, testing and treatment; failing to recognize decedent's dire need for critical medical care; failing to implement a chronic care plan for the decedent; denying and/or delaying proper and timely medical care and treatment to the decedent; causing and/or allowing the decedent to become and remain in an unstable and/or critical medical condition; failing to properly oversee and/or supervise the decedent's care and treatment; failing to implement, follow and/or abide by policies, procedures, protocols, and/or guidelines for the care and treatment of inmates who are at risk for drug and/or alcohol withdraw; failing to follow and/or abide by regulations, policies, procedures, protocols, and/or guidelines for the care, safety, health, and/or well-being of the decedent; violating and/or disregarding regulations, policies, procedures, protocols and/or guidelines for the care, safety, health, and/or well-being of the decedent; failing to develop and/or maintain administrative and/or operational policies and/or procedures in accordance with New York State, Federal and/or local laws, rules, statutes, codes, regulations, and/or ordinances pertaining to correctional facilities; failing to develop, implement and/or maintain a quality assurance program for providing medical and mental health care services to the inmates; hiring, employing and/or contracting with physicians, physician assistants, nurses, and/or other medical personnel who were incompetent, inexperienced, unqualified, and/or not properly trained to provide good and proper medical and mental health care to the inmates; hiring, employing and/or contracting with physicians, physician assistants, nurses, and/or other medical personnel who were incompetent, inexperienced, unqualified, and/or not properly trained to oversee and/or supervise the medical and/or mental health care of the inmates; failing to orient, train, educate, and/or instruct its medical staff, personnel and/or sub-contractors in the proper medical and mental health care and treatment of the inmates; failing to provide in-service

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

12 of 21

continuing education programs for its agents, servants, employees, staff, personnel, and/or sub-contractors; failing to properly and/or adequately oversee, monitor and/or supervise its medical staff, personnel and/or sub-contractors; failing to properly train, instruct and/or educate its medical staff, personnel and/or sub-contractors in regulations, policies, procedures, protocols, and/or guidelines for the medical and mental health care of the inmates; failing to ensure its medical staff, personnel and/or sub-contractors complied with regulations, policies, procedures, protocols, and/or guidelines pertaining to the medical and mental health care of the inmates; failing to have sufficient medical staff and personnel to attend to, care for and/or treat the inmates; failing to have adequate staffing schedules to attend to, care for and/or treat the inmates; neglecting the decedent; failing to provide for the health and well-being of the decedent; exposing the decedent to an increased risk of harm; causing, allowing and/or contributing to the decedent's deteriorating physical and/or mental health, terminal illness and/or death; causing the decedent to suffer unnecessary harm, injury, pain and suffering, mental anguish and distress, and wrongful death; needlessly endangering the decedent; creating an unsafe environment for the decedent; failing to provide medical and mental health care and treatment in accordance with approved and accepted medical practices and standards as established and practiced by the medical community; rendering medical and mental health care and treatment in a negligent, unskillful and/or improper manner; violating the decedent's state and/or federal constitutional rights; choosing to disregard their duties and responsibilities in the care and treatment of the decedent; failing to exercise reasonable and/or ordinary care to prevent harm and injury to the decedent; failing to exercise due diligence in the care and treatment of the decedent as was necessary under the circumstances; providing sub-standard care and treatment to the decedent; breaching their legal duty to the decedent as recognized by and accepted by other medical professionals under similar circumstances; failing to provide inmate care and treatment in compliance with applicable Federal, State and local laws, rules, codes, statutes, ordinances, regulations, policies, and/or standards; failing to provide the decedent with adequate, competent, proper, and/or timely medical and mental health care services and treatment; and/or otherwise rendering medical care and treatment in a careless, reckless, negligent, and/or unprofessional manner.

51.     All of the aforesaid acts of negligence fall below the standard of care, skill and treatment recognized by other similar health care providers as being acceptable under similar circumstances and conditions.

52.     That as a direct, sole and proximate cause of the negligence and/or malpractice of the defendants, as stated herein, without any fault on the part of the plaintiff or plaintiff's decedent contributing thereto, the plaintiff's decedent was caused to and did sustain serious personal injuries and harm, pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and was caused to incur expenses for medical care and treatment.

53.     The defendants acted with reckless disregard and indifference to the health, well-being, safety, and life of the decedent for which plaintiff is entitled to punitive damages.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

54.     Plaintiff brings this cause of action under the pertinent New York Statutes for decedent's personal injuries and harm, conscious pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and for the damages and losses to decedent's estate.

55.     By reason of the foregoing, the plaintiff claims damages in an amount that exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction over this matter.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS CBH MEDICAL, P.C.
## AND DEF CORPORATIONS

56.     Plaintiff repeats and realleges paragraphs "1" through "55" of his Complaint as if set forth fully herein and further states and alleges:

57.     Upon information and belief, at all times relevant hereto, the defendants held themselves out to the public as a medical group and practice skilled in the care and treatment of persons such as the plaintiff's decedent.

58.     Upon information and belief, at all times relevant hereto, the defendants were comprised of, employed and/or contracted with, physicians, physician assistants, nurses, and/or other medical personnel for the purpose of providing medical and mental health care and treatment to inmates at the Oneida County Correctional Facility.

59.     The defendants had an initial and ongoing duty to employ and/or contract with only those physicians and medical personnel who possessed adequate training, experience, qualifications, skill, and competence necessary to the performance of medical and mental health care and treatment.

60.     The defendants were careless, reckless and/or negligent in the medical and/or mental health care and treatment of the plaintiff's decedent by improperly employing, contracting with and/or providing physicians and/or medical personnel who lacked adequate training, experience, qualifications, skills, and/or competence to render proper medical and/or mental health care and treatment; failing to adequately investigate their physicians, medical personnel and/or sub-contractors with respect to their credentials, training, qualifications, experience, and/or competence; failing to adequately and/or properly oversee, monitor, supervise, direct, and/or instruct their physicians, medical personnel and/or sub-contractors; failing to provide adequately trained, skilled, qualified, experienced, and/or competent physicians and/or medical personnel capable of properly assessing, evaluating, diagnosing, and/or treating persons such as the plaintiff's decedent; failing to set and/or maintain adequate standards and/or guidelines for assessing, evaluating, diagnosing, monitoring, and/or treating the inmates at the Oneida County Correctional Facility, including but not limited to, those who suffered with drug and/or alcohol abuse and/or withdrawal and/or medical and/or mental health illnesses and/or conditions; failing to provide the plaintiff's decedent with medical and/or mental health care and treatment in accordance with approved and accepted medical practices and standards as established and practiced by the medical community; and otherwise

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665
14 of 21

breaching their duty to provide the plaintiff's decedent with good, adequate and/or proper medical and/or mental health care and treatment.

61.  Upon information and belief, the medical and/or mental health care and treatment of plaintiff's decedent was rendered in such a careless, reckless, negligent, and/or unprofessional manner, and/or fell below the standard of skill, care and treatment recognized by other similar health care providers as being acceptable under similar circumstances and conditions, as to constitute negligence, professional negligence and/or malpractice.

62.  As a direct, sole and proximate cause of the negligence and/or malpractice of the defendants, their agents, servants, employees, and/or sub-contractors, without any fault on the part of the plaintiff or plaintiff's decedent contributing thereto, the plaintiff's decedent was caused to and did sustain serious personal injuries and harm, pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and was caused to incur expenses for medical care and treatment.

63.  The defendants acted with reckless disregard and indifference to the health, well-being, safety, and life of the decedent for which plaintiff is entitled to punitive damages.

64.  Plaintiff brings this cause of action under the pertinent New York Statutes for decedent's personal injuries and harm, conscious pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and for the damages and losses to decedent's estate.

65.  By reason of the foregoing, the plaintiff claims damages in an amount that exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction over this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THE DEFENDANTS

66.  Plaintiff repeats and realleges paragraphs "1" through "65" of his Complaint as if set forth fully herein and further states and alleges:

67.  At all times relevant hereto, the decedent, while incarcerated at the Oneida County Correctional Facility, was completely dependent on the defendants for medical and mental health care and treatment.

68.  Upon information and belief, at all times relevant hereto, the defendants violated the decedent's civil rights pursuant to 42 U.S.C. §1983 and/or constitutional rights pursuant to the Eighth Amendment to the U.S. Constitution and/or Article I, §5 of the New York State Constitution by denying the decedent medical and/or mental health care and/or treatment, and/or adequate, proper and/or timely medical and/or mental health care and/or treatment, while incarcerated at the Oneida County Correctional Facility.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

15 of 21

69.     That defendants' denial of medical and/or mental health care and/or treatment, and/or adequate, proper and/or timely medical and/or mental health care and/or treatment, amounted to a deliberate indifference to the critical medical and mental health care needs of the decedent, a conscious disregard of a serious risk of substantial harm and death to the decedent and/or wanton, willful and/or reckless treatment to the detriment of the health of the decedent.

70.     The defendants deprived and/or denied the decedent of medical and/or mental health care and/or treatment in part by failing to perform an assessment of the decedent upon and/or following intake; failing to perform an adequate, proper, thorough, and/or timely assessment of the decedent throughout her incarceration; failing to screen and/or properly and/or timely screen the decedent for medical, mental and/or communicable conditions and/or illnesses, including but not limited to, COVID-19, drug and/or alcohol intoxication and/or withdraw and/or suicidal ideation; failing to follow, and/or ensure compliance with, COVID-19 management protocols; failing to perform complete physical examinations on the decedent; failing to address and/or attend to decedent's medical and/or mental health care needs; failing to provide the decedent with necessary medications; denying decedent necessary medications; disregarding an emergent referral to assess and evaluate the decedent for drug and/or alcohol intoxication and/or detoxification; failing to treat and/or properly and/or timely treat the decedent for drug and/or alcohol detoxification; disregarding a referral for mental health services; failing to take and/or document the decedent's temperature, vital signs and/or oxygen saturations upon admission to, and/or throughout her incarceration at, the Oneida County Correctional Facility; failing to treat the decedent for COVID-19; failing to physically observe and/or assess the decedent cell side upon her continued refusals to appear for a medical intake evaluation; failing to conduct daily assessments on the decedent for drug and/or alcohol detoxification; failing to conduct medical rounds on decedent; failing to place the decedent on medical constant supervision; failing to initiate and/or follow hunger strike and/or substance abuse withdrawal protocols; allowing and/or relying on non-medical employees, staff and/or personnel to relay pertinent medical information concerning decedent's complaints, behaviors, mentation, signs, symptoms, and/or physical and/or mental changes and/or declines; failing to perform a medical and/or mental evaluation of the decedent upon notification of decedent's refusals, complaints, behaviors, mentation, signs, symptoms, and/or physical and/or mental changes and/or declines; disregarding decedent's refusal and/or inability to eat; disregarding decedent's lack of proper and/or adequate hydration; disregarding decedent's weakened condition, inability to get out of bed, ambulate and/or toilet herself; disregarding decedent's poor and/or lack of hygiene, with knowledge that she was urinating on herself, covered in feces and/or otherwise incontinent; failing to recognize and/or disregarding signs and/or symptoms of decedent's deteriorating physical and/or mental health condition; disregarding signs and/or symptoms of drug and/or alcohol withdrawal; disregarding decedent's complaints, distress and/or cries for help; failing to provide the decedent with mental health services; failing to provide the decedent with adequate, proper and/or timely medical care and treatment; failing to make proper and/or timely referrals to medical and/or mental health services; failing to communicate and/or notify and/or timely communicate and/or notify decedent's behaviors, mentation, refusals, complaints, signs, symptoms, and/or physical and/or mental changes and/or declines to the proper personnel; failing to communicate with medical and/or mental health services of the urgent and/or emergent need to exam, evaluate and/or assess the

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

decedent; relaying improper, inaccurate and/or incomplete information to medical and/or mental health service providers; withholding medical and/or mental health care and treatment from the decedent; failing to issue proper and/or timely medical and/or mental health orders for the decedent; failing to follow prescribed medical and/or mental health orders; disregarding medical and/or mental health orders; disregarding decedent's mental and/or physical deterioration; failing to screen, evaluate, test, and treat the decedent for serious and life-threatening medical conditions; diagnosing the decedent without a physical and/or mental assessment or examination; improperly diagnosing the decedent; failing to consider differential diagnoses; failing to have a physician on call to attend to the medical needs of the inmates, particularly emergency and/or life-threatening conditions; failing to refer and/or timely refer the decedent to the hospital for evaluation, testing and treatment; failing to recognize decedent's dire need for critical medical care; failing to implement a chronic care plan for the decedent; denying and/or delaying proper and timely medical and/or mental health care and treatment to the decedent; causing and/or allowing the decedent to become and remain in an unstable and/or critical medical condition; failing to have sufficient medical staff and personnel to attend to, care for and/or treat the inmates; failing to provide for the health and well-being of the decedent; exposing the decedent to an increased risk of harm; causing, allowing and/or contributing to the decedent's deteriorating physical and/or mental health, terminal illness and/or death; causing the decedent to suffer unnecessary harm, injury, pain and suffering, mental anguish and distress, and wrongful death; needlessly endangering the decedent; and otherwise denied, withheld and/or delayed adequate, proper and/or timely medical and/or mental health care and treatment to the decedent.

71.    As a direct, sole and proximate cause of the defendants' deliberate indifference to the critical medical and mental health care needs of the decedent, conscious disregard of a serious risk of substantial harm and death to the decedent and/or wanton, willful and/or reckless treatment to the detriment of the health of the decedent, the plaintiff's decedent was caused to and did sustain serious personal injuries and harm, pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and was caused to incur expenses for medical care and treatment.

72.    The defendants acted with reckless disregard and indifference to the health, well-being, safety, and life of the decedent for which plaintiff is entitled to punitive damages.

73.    Plaintiff brings this cause of action under the pertinent New York Statutes for decedent's personal injuries and harm, conscious pain and suffering, emotional and mental distress, fear of impending death, and wrongful death, and for the damages and losses to decedent's estate.

74.    The plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. §1988.

75.    By reason of the foregoing, the plaintiff claims damages in an amount that exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction over this matter.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/402-9665

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST THE DEFENDANTS

76.     Plaintiff repeats and realleges paragraphs "1" through "75" of his Complaint as if set forth fully herein and further states and alleges:

77.     Upon information and belief, the plaintiff's decedent was caused to and did sustain a period of conscious pain and suffering prior to her death.

78.     That said conscious pain and suffering was solely, directly and proximately caused by the negligence, gross negligence and/or malpractice of the defendants.

79.     The defendants acted with reckless disregard and indifference to the health, well-being, safety, and life of the decedent for which plaintiff is entitled to punitive damages.

80.     Plaintiff brings this cause of action under the pertinent New York Statutes for the decedent's personal injuries and conscious pain and suffering and for the damages and losses to decedent's estate.

81.     By reason of the foregoing, the plaintiff claims damages in an amount that exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction over this matter.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST THE DEFENDANTS

82.     Plaintiff repeats and realleges paragraphs "1" through "81" of his Complaint as if set forth fully herein and further states and alleges:

83.     Upon information and belief, the plaintiff's decedent was caused to endure a period of shock, fright, emotional trauma, and emotional and mental distress and anguish.

84.     That said shock, fright, emotional trauma, and emotional and mental distress and anguish was solely, directly and proximately caused by the negligence, gross negligence and/or malpractice of the defendants.

85.     The defendants acted with reckless disregard and indifference to the health, well-being, safety, and life of the decedent for which plaintiff is entitled to punitive damages.

86.     Plaintiff brings this cause of action under the pertinent New York Statutes for the shock, fright, emotional trauma, and emotional and mental distress and anguish suffered by the decedent and for the damages and losses to decedent's estate.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

18 of 21

Case 9:23-cv-00691-MJK    Document 55-7    Filed 05/29/24    Page 20 of 22

87.    By reason of the foregoing, the plaintiff claims damages in an amount that exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction over this matter.

**WHEREFORE**, as and for the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, the plaintiff demands judgment in an amount which would fairly, fully and adequately compensate the plaintiff for the injuries, sufferings, damages, and losses sustained by the decedent and decedent's estate and distributees, in an amount that exceeds the jurisdictional limits of all lower courts otherwise having jurisdiction over this matter, together with punitive damages, attorneys' fees, interest, and the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated:  April 21, 2023

_____

Jeffrey G. Pomeroy, Esq.
GREENE REID & POMEROY, PLLC
Attorneys for Plaintiff
173 Intrepid Lane
Syracuse, New York 13205
(315) 492-9665

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

19 of 21

STATE OF NEW YORK
SUPREME COURT        COUNTY OF ONEIDA
_____

JOSEPH J. BONANZA, As Administrator of the        CERTIFICATE OF MERIT
Estate of TERRA LYNN BONANZA, deceased,

                         Plaintiff,        Index No.: _____

        -against-

COUNTY OF ONEIDA, ONEIDA COUNTY
SHERIFF'S DEPARTMENT, ONEIDA
COUNTY CORRECTIONAL FACILITY,
CBH MEDICAL, P.C., AND ABC CORPORATIONS,
DEF CORPORATIONS, JANE DOES, JOHN DOES,
JANE ROES, AND JOHN ROES, (fictitious names,
the true identities of which are unknown by plaintiff
at present),

                         Defendants.
_____

        Jeffrey G. Pomeroy, Esq., affirms under penalties of perjury in accordance with CPLR §2106
as follows:

        1.    I am an attorney duly admitted to practice before the Courts of the State of New York
and am associated with the law firm of Greene Reid & Pomeroy, attorneys for the plaintiff.

        2.    That I have been unable to obtain a consultation with a duly licensed physician
knowledgeable of the relevant issues involved in this particular action due to a limitation of time
which would bar the action of the plaintiff.

        3.    That such consultation could not be reasonably obtained before such time expired.

        4.    That upon such consultation, a certificate of merit will be filed pursuant to CPLR
§3012-a (2).

Dated:  April 21, 2023        _____
                              Jeffrey G. Pomeroy, Esq.

GREENE, REID & POMEROY PLLC
ATTORNEYS AT LAW
173 INTREPID LANE
SYRACUSE, NEW YORK 13205-2538
TEL. NO. 315/492-9665

*On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:*

**File #: 2022-425**
Date of Death: April 22, 2021

Name of Decedent:     **Terra Lynn Bonanza**

Domicile of Decedent:    **1011 Churchill Ave, Utica, NY**

Fiduciary Appointed:     **Joseph J Bonanza**
Mailing Address         1011 Churchill Avenue
                        Utica NY 13502

Letters Issued:         **LIMITED LETTERS OF ADMINISTRATION**

Limitations:
**THESE LETTERS ARE LIMITED TO THE ENFORCEMENT OF A RIGHT OF ACTION IN FAVOR OF THE DECEASED OR HIS/HER LEGAL REPRESENTATIVE WHETHER UNDER GENERAL OR SPECIAL PROVISION OF LAW, INCLUDING OBTAINING MEDICAL RECORDS OR OTHER DOCUMENTATION IN RELATION THERETO, AND TO THE DEFENSE OF ANY CLAIM OR CAUSE OF ACTION AGAINST THE DECEASED OR HIS/HER LEGAL REPRESENTATIVE AND SAID ADMINISTRATOR IS RESTRAINED FROM A COMPROMISE OF THE ACTION AND THE ENFORCEMENT OF ANY JUDGMENT THEREON UNTIL THE FURTHER ORDER OF A COURT OF COMPETENT JURISDICTION UPON SATISFACTORY SECURITY.**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated:  May 16, 2022

IN TESTIMONY WHEREOF, the seal of the Oneida County Surrogate's Court has been affixed.

WITNESS, Hon Louis P. Gigliotti, Judge of the Oneida County Surrogate's Court.

*Kelly A. Fuller*

Kelly A, Fuller, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Oneida County Surrogate's Court*

Attorney:
**Christopher Jude Pelli**
3 Derbyshire Pl
Utica NY 13501

Exhibit A