# EXHIBIT G

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------X  Civil Docket No.
JOSEPH J. BONANZA, As Administrator of  9:23-CV-00691(DNH-ATB)
the Estate of TERRA LYNN BONANZA,
deceased,

                Plaintiff
                                      RESPONSE TO PLAINTIFF'S
     -against-                        FIRST REQUEST FOR
                                      PRODUCTION OF DOCUMENTS
                                      AND THINGS TO CBH
                                      MEDICAL, P.C.
COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, ONEIDA COUNTY CORRECTIONAL
FACILITY, CBH MEDICAL, P.C., HELIO HEALTH,
INC., and DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN ROES
(fictitious names, the true identities of
which are unknown by plaintiff at present),

                Defendants.
----------------------------------X
```

Defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH MEDICAL, P.C., by and through its attorneys, The Law Offices of Steinberg, Symer & Platt, LLP, as and for its responses to plaintiff's requests for documents and things, dated October 26, 2023, hereby responds as follows:

**PRELIMINARY STATEMENT**

1. Defendant has not completed its investigation of the facts and circumstances relating to this case, the course of discovery or trial preparation. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts, discovery or documents throughout this matter, including at trial.

1

2. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to Defendant with pending requests made to supplement the responses. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and contentions, which may, in turn, clarify and add meaning to known facts, as well as establish entirely new factual matters, all of which may lead to substantial additions to, changes in, and variations from the objections and responses herein set forth.

3. By making the accompanying responses and objections to plaintiff's demands, defendant does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility into evidence of such responses, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and/or privilege.

4. The responses contained herein are made in a good faith effort to supply as much factual information, responsive documents, and specification of legal objections as are presently known, but should in no way be interpreted to the prejudice of Defendant in relation to further discovery, research, or analysis.

5. These responses are made without prejudice to Defendant's right to supplement, modify, revise, or amend these

responses and objections as permitted by the Federal Rules of Civil Procedure, up to and including at trial.

6. This preliminary statement is incorporated into each and every response set forth below.

### **GENERAL OBJECTIONS**

1. These general objections apply to each of the demands and responses thereto. To the extent that certain of these objections are cited in response to a particular demand, these specific citations are provided as particularly applicable to the demand; the citations are not waivers of any other general objection applicable to information or documents falling within the scope of the demand.

2. No incidental or implied admissions are intended by these Responses. The responses or objections to any Demand should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such request or that such Response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any demand is not intended to be, and shall not be, construed as, a waiver by Defendant of any part of any objection to any Demand.

3. Defendant objects to the Demands to the extent they seek to impose upon Defendant obligations greater than those imposed by the Federal Rules of Civil Procedure, the rules of this Court

3

or other applicable law.

4. Defendant objects to the Demands to the extent that they seek information or the production of documents protected from discovery under the Federal Rules of Civil Procedure, the rules of this Court or other applicable law.

5. Defendant objects to the Demands to the extent that they seek information, which is not relevant to any party's claims or defenses herein, and to the extent, they seek discovery, which is not proportional to the needs of the case when applying the factors set forth in Fed. R. Civ. P. 26(b)(1).

6. Nothing herein shall be construed (a) as an admission by the Defendant respecting the admissibility and/or relevance of any fact or document and/or (b) as an admission of the truth and/or accuracy of any characterization, document or information sought by the Demands.

7. Defendant objects to Plaintiff's First Request for Production of Documents and Things to the extent said demands are irrelevant, vague, overbroad, unduly burdensome, unduly prejudicial, oppressive, call for speculation, call for narrative answers, and are cumulative or duplicative.

8. Defendant objects to Plaintiff's First Request for Production of Documents and Things to the extent they call for the disclosure of documents and/or information protected by the attorney-client privilege, work product doctrine, joint defense

and/or common interest privilege, or any other applicable privilege, doctrine or immunity and asserts each and every privilege applicable by law.

9. Defendant objects to Plaintiff's First Request for Production of Documents and Things to the extent that they are posed without a time limitation, vague, ambiguous and /or susceptible to numerous interpretations. In such instances, Defendant has adopted a reasonable time limitation and/or interpretation for the Demand.

10. Defendant objects to Plaintiffs' First Request for Production of Documents and Things to the extent they call for the production of publicly available documents and/or information and documents and/or information outside the knowledge, custody, possession, or control of Defendant, already in the knowledge, possession, or control of plaintiff, or in the knowledge, possession, or control of parties outside this litigation.

11. Defendant objects to Plaintiffs' First Request for Production of Documents and Things to the extent the demands seek legal conclusions or questions of pure law separate and apart from the facts of this case.

12. Defendant objects to Plaintiffs' First Request for Production of Documents and Things to the extent they call for speculation on the part of Defendant as to its ultimate contentions before the completion of discovery.

13. Defendant objects to Plaintiffs' First Request for Production of Documents and Things to the extent they call for the disclosure of the mental conclusions or impressions of Defendant or its attorneys.

14. Defendant objects to Plaintiffs' First Request for Production of Documents and Things to the extent that they seek irrelevant documents or information not reasonably calculated to lead to relevant, material and admissible information.

15. Defendant objects to Plaintiffs' First Request for Production of Documents and Things to the extent they are vague and incomprehensible and therefore do not permit a reasonable response.

16. Defendant objects to each and every Demand to the extent that it has been presented for an improper purpose, *i.e.*, to harass or cause unnecessary delay or needless increase in the cost of litigation, or is unreasonably or unduly burdensome or expensive given the needs of this case.

17. Defendant objects to the Demands to the extent they assume facts that have not been established, admitted and/or are otherwise argumentative.

18. By responding to a Demand, defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the

competency, relevance, materiality, privilege or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial or any subsequent proceeding.

19. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to such document or the information contained in any document or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Defendant also object in the entirety to any request for documents that is not limited to a reasonable and relevant time.

20. Defendant objects to any request for information which is not in their possession, custody or control.

21. Defendant is continuing to search for information responsive to plaintiff's demands, and therefore reserve the right to supplement this response with additional information if and when such information becomes available to defendant's counsel. Defendant reserves the right to object to the future disclosure of any such information.

22. Defendant reserves the right to make any further applicable objection, whether or not said objection is delineated

7

above.  The above objections in no way limit defendant's rights to interpose applicable objections as the matter progresses.

**RESPONSES TO REQUESTS**

1.   Defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH MEDICAL, P.C., is not the custodian of documents, record keeper or document keeper for the County of Oneida and is not the contract medical provider at Oneida County Correctional Facility (hereinafter "OCCF"), effective February 1, 2023, and as such, is not the entity in possession, ownership or control of the original medical records of plaintiff's decedent, Tara Bonanza, while incarcerated at OCCF during the interval between March 5, 2021 and March 18, 2021.  Upon information and belief the medical records are in the possession, ownership and/or control of parties or third parties potentially including the County of Oneida, Oneida County Sheriff's Department or the subsequent medical care contractor at OCCF.  Annexed hereto as Exhibit "A" is the medical record for Tara Bonanza, received by counsel to date, concerning plaintiff's decedent's incarceration at OCCF from March 5, 2021 to March 14, 2021.  As the original medical records are not in the possession, custody or control of responding defendant, no representation is or can be made as to the completeness of the medical record annexed hereto.

2.   Defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH MEDICAL, P.C., is not in possession, ownership or control of

8

the original medical record, if any, for plaintiff's decedent's incarceration at OCCF in October, 2019. Please refer to defendant's response to plaintiff's Request #1 supra.

3. Except for excerpts referenced as being from Faxton-St. Luke's Hospital set forth in Exhibit "A", if any, defendant is not in the possession, ownership or control of medical records responsive to this Request. Upon information and belief, plaintiff's decedent was not hospitalized at St. Elizabeth's Hospital for the requested period in March and April, 2021. Upon information and belief, the request should be directed to the identified hospital facility.

To the extent the request is in reference to plaintiff's decedent's hospitalization at Faxton-St. Luke's Hospital, responding defendant is not in possession, ownership and/or control of the hospital/medical records responsive to this Request.

Without waiving objections and additionally asserting objections as requesting attorney work product and objections as set forth supra, attached as Exhibit "B" is a disc containing the hospital medical records from Faxton-St. Luke's Hospital provided by attorneys for plaintiff. Responding defendant makes no representation as to accuracy and completeness of the medical records in Exhibit "B".

4. Other than those documents contained in Exhibit "A", if

9

any, defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH MEDICAL, P.C., is not presently in possession, control or ownership of further documents, if any, in response to this Request.

5. Defendant objects to this Request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or part, and seeks material not reasonably calculated to lead to discovery of relevant, admissible evidence. Without waiving any objection, a copy of CBH Medical, P.C.'s submissions to the request for proposals for medical services at OCCF, dated October 26, 2017 made by the County of Oneida and/or Oneida County Sheriff's Department and acceptance documents, if any, is annexed hereto as Exhibit "C". The sections of the proposal setting forth financial disclosures has been redacted by CBH Medical, P.C. On receipt of further documentation, if any, this response may be supplemented. Upon information and belief, the original documents responsive to this demand may be in the possession and control of other parties including the County of Oneida and/or the Oneida County Sheriff's Department.

6. Defendant objects to this request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or in part, and seeks material and/or documents which are irrelevant and not reasonably calculated to lead to discovery of relevant, admissible evidence. Without waiving said objection, a copy of

the operative contract, in effect for March, 2021 between defendant and the County of Oneida is attached as Exhibit "D". Upon information and belief, the original documents are potentially in the possession, custody and control of other parties to this litigation including the County of Oneida. Upon receipt of additional responsive documents to this request, if any, this response may be supplemented.

7. Defendant objects to this request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or in part, and seeks material and/or documents which are irrelevant to the claims herein and are not reasonably calculated to lead to discovery of relevant, admissible evidence. Notwithstanding said objection, defendant is not in possession, ownership, custody or control of documents responsive to this demand.

8. Defendant objects to this request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or in part, and seeks material and/or documents which are irrelevant to the claims herein and are not reasonably calculated to lead to discovery of relevant, admissible evidence and seeks confidential material subject to attorney-client work product or other privileged or protected by law or statute. At present, defendant is not in possession, custody or control of any documents responsive to this demand. A further investigation is being undertaken and this response will be supplemented on receipt of

11

documents, if any, responsive to this demand.

9. Defendant objects to this request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or in part, and seeks material and/or documents which are irrelevant to the claims herein and are not reasonably calculated to lead to discovery of relevant, admissible evidence and seeks confidential material subject to attorney-client work product or other privileged or protected by law or statute. At present, defendant is not in possession, custody or control of any documents responsive to this demand. A further investigation is being undertaken and this response will be supplemented on receipt of documents, if any, responsive to this demand.

10. Defendant objects to this request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or in part, and seeks material and/or documents which are irrelevant to the claims herein and are not reasonably calculated to lead to discovery of relevant, admissible evidence and seeks confidential material subject to attorney-client work product or other privileged or protected by law or statute. At present, defendant is not in possession, custody or control of any documents responsive to this demand. A further investigation is being undertaken and this response will be supplemented on receipt of documents, if any, responsive to this demand.

11. A request for a listing of staff training for medical

care and treatment of inmates of OCCF is pending and to the extent documentation exists, this response will be supplemented.

12. Defendant objects to this request for documents as vague, overbroad, burdensome and/or incomprehensible, in whole or in part, and seeks material and/or documents which are irrelevant to the claims herein and are not reasonably calculated to lead to discovery of relevant, admissible evidence. Notwithstanding these objections, no such documentation presently is known to exist. A request is pending for any such material potentially responsive to this demand and to the extent documentation exists, this response will be supplemented. A request is pending for any responsive documentation to this request and a supplemental response will be made on receipt of any responsive documents, if any.

13. Defendant objects to this request as overbroad and seeks material and/or documents which are irrelevant or not reasonably calculated to lead to discovery of relevant, admissible evidence. Notwithstanding these objections, attached hereto as Exhibits "E" and "F", respectively are the CBH Policy and Procedure Manual and the Nursing Protocols containing the respective requested indexes.

14. Defendant objects to this request to the extent that any responsive documents requested, in whole or part, are in the care, custody and control of other parties or third parties over

whom defendant has no control. Notwithstanding such objection, and the overlap of the policies and procedures as set forth in Exhibits "E" and "F", supra, reference is made to Policy J-G-05, J-G-01 and J-G6-02.

15. Defendant objects to this request to the extent that any responsive documents requested, in whole or part, are in the care, custody and control of other parties or third parties over whom defendant has no control. Notwithstanding such objection, and the overlap of the policies and procedures as set forth in Exhibits "E" and "F", supra, reference is made to Policy J-F-04 and Nursing Protocol WD-100, WD-200 and WD-300. A copy of the Clinical Practice Guidelines for Acute Withdrawal is attached as Exhibit "G".

16. Defendant objects to this request to the extent that any responsive documents requested, in whole or part, are in the care, custody and control of other parties or third parties over whom defendant has no control. Notwithstanding such objection, and the overlap of the policies and procedures as set forth in Exhibits "E" and "F", supra, reference is made to Policy J-G-05.

17. Defendant objects to this request to the extent that any responsive documents requested, in whole or part, are in the care, custody and control of other parties or third parties over whom defendant has no control. Upon information and belief, the public documents and protocols for Covid-19 as promulgated by the

U.S. Government and/or the CDC and/or the Oneida County Sheriff's Department were the operative protocols specifically in place and utilized at OCCF in March, 2021. Plaintiff's request for further documentation is pending and this response will be supplemented on receipt of further documentation.

18. Defendant objects to this request to the extent that any responsive documents requested are in the care, custody and control of other parties or third parties over whom defendant has no control. Notwithstanding such objection, and the overlap of the policies and procedures as set forth in Exhibits "E" and "F", supra, reference is made to Policy J-A-08 and the Nursing Protocol.

19. Other than those entries set forth in Exhibit "A", defendant, CBH MEDICAL, P.C., is not in possession, ownership or control of other documentation responsive to this Request.

20. Other than those entries set forth in Exhibit "A", defendant, CBH MEDICAL, P.C., is not in possession, ownership or control of other documentation responsive to this Request.

21. Defendant is not in possession of any shift schedules for the period of March 5, 2021 to March 18, 2021. Attached as Exhibit "H" are the time card records maintained by CBH for the applicable period.

22. Other than those entries set forth in Exhibit "A", defendant, CBH MEDICAL, P.C., is not in possession, ownership or

control of other documentation responsive to this Request.

23. Other than those entries set forth in Exhibit "A", defendant, CBH MEDICAL, P.C., is not in possession, ownership or control of other documentation responsive to this Request.

24. Defendant, CBH MEDICAL, P.C., is not in possession, ownership or control of any color photographs depicting plaintiff's decedent.

25. Defendant, CBH MEDICAL, P.C., is not in possession, ownership or control of any video/visual recordings or photographs depicting plaintiff's decedent.

26. Defendant, CBH MEDICAL, P.C., is not in possession, ownership or control of any documents responsive to this Request.

27. Defendant, CBH MEDICAL, P.C., has not, to date, retained any witness(es) designated to provide expert testimony at trial in this action. On so doing and in accord with the Court's scheduling order, the required document responses and information will be supplied.

Dated:   Poughkeepsie, New York
         January 31, 2024

Yours, etc.

The Law Offices of
**STEINBERG, SYMER & PLATT, LLP**

_____
By: JONATHAN E. SYMER
(USDC NDNY Bar Roll No.:516292)
Attorneys for Defendant
CBH MEDICAL, P.C. and SM DENTAL, P.C.
s/h/a CBH MEDICAL, P.C.
22 IBM Road, Suite 201
Poughkeepsie, New York  12601
(845) 471-4455

TO:  GREENE REID & POMEROY, PLLC
     Attorneys for Plaintiff
     173 Intrepid Lane
     Syracuse, New York 13205

     KENNEY SHELTON LIPTAK NOWAK LLP
     Attorneys for Defendants
     COUNTY OF ONEIDA, ONEIDA COUNTY
     SHERIFF'S DEPARTMENT and ONEIDA COUNTY
     CORRECTIONAL FACILITY
     4615 North Street
     Jamesville, NY 13078

     GOLDBERG SEGALLA LLP
     By: Christina M. Verone Juliano, Esq.
     Attorneys for Defendant
     HELIO HEALTH, INC.
     5786 Widewaters Parkway
     Syracuse, New York 13214

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------X  Civil Docket No.
JOSEPH J. BONANZA, As Administrator of    9:23-CV-00691(DNH-ATB)
the Estate of TERRA LYNN BONANZA,
deceased,

                     Plaintiff

   -against-                    **CERTIFICATE OF SERVICE**

COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, ONEIDA COUNTY CORRECTIONAL
FACILITY, CBH MEDICAL, P.C., HELIO HEALTH,
INC., and DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN ROES
(fictitious names, the true identities of
which are unknown by plaintiff at present),

                     Defendants.
---------------------------------------X
STATE OF NEW YORK   )
                     SS.:
COUNTY OF DUTCHESS  )

    I hereby certify that on January 31, 2024, I served a true copy of the annexed RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO CBH MEDICAL, P.C. on behalf of Steinberg, Symer & Platt, LLP, attorneys for defendant, CBH Medical, P.C. and SM Dental, P.C., sued herein as, CBH Medical, P.C., by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the addressees as indicated below:

    GREENE REID & POMEROY, PLLC
    Attorneys for Plaintiff
    173 Intrepid Lane
    Syracuse, New York 13205

1

KENNEY SHELTON LIPTAK NOWAK LLP
Attorneys for Defendants
COUNTY OF ONEIDA, ONEIDA COUNTY
SHERIFF'S DEPARTMENT and ONEIDA COUNTY
CORRECTIONAL FACILITY
4615 North Street
Jamesville, NY 13078

GOLDBERG SEGALLA LLP
By: Christina M. Verone Juliano, Esq.
Attorneys for Defendant
HELIO HEALTH, INC.
5786 Widewaters Parkway
Syracuse, New York 13214

/s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
JONATHAN E. SYMER

Sworn to before me
on January 31, 2024.

/s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
NOTARY PUBLIC

2024 0131 3811-NDNY

2