EXHIBIT H

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------X    Civil Docket No.
JOSEPH J. BONANZA, As Administrator of    9:23-CV-00691(DNH-ATB)
the Estate of TERRA LYNN BONANZA,
deceased,

                Plaintiff

    -against-                **RESPONSES TO PLAINTIFF'S**
                            **FIRST SET OF**
                            **INTERROGATORIES TO CBH**
                            **MEDICAL, P.C.**

COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, ONEIDA COUNTY CORRECTIONAL
FACILITY, CBH MEDICAL, P.C., HELIO HEALTH,
INC., and DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN ROES
(fictitious names, the true identities of
which are unknown by plaintiff at present),

                Defendants.
-------------------------------------X
      Defendant, CBH MEDICAL, P.C. and SM DENTAL, P.C. s/h/a CBH

MEDICAL, P.C., by and through its attorneys, The Law Offices of

Steinberg, Symer & Platt, LLP, as and for its responses to

Plaintiff's First Set of Interrogatories to CBH Medical, P.C.,

dated October 26, 2023, hereby responds as follows:

**GENERAL OBJECTIONS**

    1.    Defendant objects to the Interrogatories, including

the "Definitions" and "Instructions" set forth therein, to the

extent definitions and/or instructions purport or may be

construed to impose on defendant burdens and obligations beyond

those required by the Federal Rules of Civil Procedure, the Rules

of this Court, or any other applicable law or rule (collectively,

the "Rules").

1

2.    Defendant objects to the Interrogatories to the extent that they purport to call for information that: (a) is protected for disclosure under the work product doctrine; (b) contains privileged attorney-client communications; or (c) is otherwise protected from disclosure under applicable Court order privileges, laws, or rules.  If defendant produces any privileged or protected information, such production will have been inadvertent and shall not be deemed to waive or abridge any applicable privilege or protection as to the relevant information and as further set forth in the protective order.

3.    The fact that defendant has responded to a particular Interrogatory does not imply defendant acknowledges the propriety of that Interrogatory.

4.    Defendant objects to the Interrogatories to the extent that they seek information not within defendant's knowledge, possession, custody, and/or control.

5.    No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (I) an admission by defendant as to the existence or nonexistence of information sought, or (ii) a waiver of defendant's rights to assert such objection or limitation at any future time in connection with the Interrogatories or otherwise.  In responding to the Interrogatories, defendant does not waive nor intend to waive, and expressly reserves, any and all objections, including but not

2

limited to objections to propriety, relevance, competence, susceptibility to discovery, materiality, or admissibility as evidence or for any other use of any information provided.

6.    Defendant expressly reserves its right to modify and/or supplement its Responses and Objections and to assert additional Objections to the Interrogatories as necessary and/or appropriate in light of future events and disclosure through discovery and up to trial.

7.    Defendant is willing to meet and confer with plaintiff and co-defendants concerning these Responses and Objections.

8.    No incidental or implied admissions are intended by these responses.  The fact that defendant responds or objects to any interrogatories should not be taken as an admission that defendant accepts or admits the existence of any facts assumed by such request or that such response or objection constitutes admissible evidence as to any such assumed facts.  The fact that defendant responds to part or all of any interrogatory is not intended to be, and shall not be, construed as, a waiver by defendant of any part of any objection to any interrogatory.

9.    Nothing herein shall be construed (a) as an admission by the defendant respecting the admissibility and/or relevance of any fact or document and/or (b) as an admission of the truth and/or accuracy of any characterization, document or information sought by the interrogatories.

3

10.    Defendant objects to plaintiff's Interrogatories to the extent they are irrelevant, vague, overbroad, unduly burdensome, unduly prejudicial, oppressive, call for speculation, call for narrative answers, and are cumulative or duplicative.

11.    Defendant objects to plaintiff's Interrogatories to the extent they call for the disclosure of documents and/or information protected by the attorney-client privilege, work product doctrine, joint defense and/or common interest privilege, or any other applicable privilege, doctrine or immunity and asserts each and every privilege applicable by law.

12.    Defendant objects to plaintiff's Interrogatories to the extent they call for the production of publicly available documents and/or information and documents and/or information outside the knowledge, possession or control of defendant, already in the knowledge, possession or control of plaintiff, or in the knowledge, possession or control of other parties or third parties outside this litigation.

13.    Defendant objects to plaintiff's Interrogatories to the extent they call for legal conclusions or questions of pure law separate and apart from the facts of this case.

14.    Defendant objects to plaintiff's Interrogatories to the extent they call for speculation on the part of defendant as to its ultimate contentions before the completion of discovery.

15.    Defendant objects to plaintiff's Interrogatories to the

4

extent they call for the disclosure of the mental conclusions or impressions of defendant or its attorneys.

16.  Defendant objects to plaintiff's Interrogatories to the extent that they seek irrelevant documents or information not reasonably calculated to uncover material and necessary information.

17.  Defendant objects to plaintiff's Interrogatories to the extent that they assume facts that have not been established, admitted and/or are otherwise argumentative.

18.  Defendant objects to plaintiff's Interrogatories to the extent that they seek each and every fact supporting specific actions or documents.  Defendant's response is limited to material facts and is not a detailed and exhaustive listing of all facts or evidence that could be offered at trial.

19.  Defendant objects to plaintiff's Interrogatories to the extent they violate Federal Rule of Civil Procedure 33, which limits plaintiff to serving defendant with 25 interrogatories, including subparts.

20.  Defendant's failure to include any of these objections in its response to an individual interrogatory below will not constitute waiver of these objections.

21.  The foregoing General Responses and Objections are incorporated into the Specific Responses and Objections set forth below as if fully set forth in such Specific Responses and

5

Objections, and the Specific Responses and Objections are expressly subject to them.

**RESPONSES TO INTERROGATORIES**

1.  As to the defendant's first and twenty-second affirmative defenses, set forth the facts and basis for defendant's assertion that the plaintiff allegedly fails to state a cause of action and/or claim for relief against the defendant. In the alternative, plaintiff requests the defendant withdraw this affirmative defense.

**Response:** Defendant objects to this interrogatory as it impermissibly broadens the required pleading requirements for defendant and seeks evidentiary material beyond the scope of an interrogatory. Without waiving any objection, the Second Amended Complaint fails to state a cause of action that plaintiff will be able to provide with admissible evidence as to one or more elements to establish a prime facie cause of action for medical negligence and/or constitutional violations.

2.  As to the defendant's second affirmative defense, set forth the facts and basis for defendant's assertion that the Court lacks subject matter jurisdiction over this action. In the alternative, plaintiff requests the defendant withdraw this affirmative defense.

**Response:** Defendant raised this affirmative defense in the responsive pleadings prior to completion of a course of

6

discovery.   It will be withdrawn and/or supplemented following
completion of discovery and/or dispositive motion addressing the
federal claims set forth in the Second Amended Complaint.

3.   As to the defendant's third and thirty-sixth affirmative
defenses, state how and/or in what way the plaintiff and/or
plaintiff's decedent allegedly failed to mitigate, obviate,
diminish or otherwise act to lessen or reduce their injuries and
damages.

**Response**: Defendant objects to this interrogatory as vague,
overbroad, multi-part and asserts this affirmative defense was
raised in the responsive pleading prior to completion of a course
of discovery.   The acts and omissions of plaintiff and/or
plaintiff's decedent constituting culpable conduct and/or failure
to mitigate and/or assumption of the risks causing, in whole or
in part, the alleged injuries and damages, will be the subject of
and developed during the course of discovery herein including
documents and deposition testimony contemplated to occur during
the disclosure of this action.   Defendant will supplement these
affirmative defenses upon completion of discovery.   Upon
information and belief, and notwithstanding the objections,
plaintiff's decedent entered the co-defendant's facility
possessing concealed drugs in her physical person and continued
to use and to conceal drugs during the course of the ensuing
incarceration; plaintiff's decedent failed to and/or refused to

7

submit to multiple, daily medical examination requests and failed to comply with requests for and/or the performance of medical examinations, evaluations, assessments, check-ups, vital sign assessments; failed to accurately and/or completely report any symptomatology; refused food to enhance or as a result of the plaintiff's decedent's design to use concealed drugs all of which are examples of decedent's culpable conduct, failure to mitigate and assumption of risks that caused, in whole or in part, the alleged incidents, injuries and damages.  Discovery is ongoing and defendant expressly reserves the right to supplement this response through the trial of this action.

4.  As to the defendant's fourth and thirty-second affirmative defenses, set forth all acts and/or omissions on the part of defendant, its agents, servants and/or employees, the defendant asserts as entitling it to protection under the doctrine of qualified and/or absolute immunity.

**Response**: Defendant raised these affirmative defenses in the responsive pleadings to the Second Amended Complaint to preserve the defenses prior to discovery.  If warranted, the responses will be withdrawn and/or supplemented upon completion of discovery in this action.  This interrogatory further improperly calls for legal conclusions and its assertion in the responsive pleading is sufficient without particularization as entitled to qualified immunity.

*THE LAW OFFICES OF* • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601

5.  As to the defendant's fifth, sixth and seventh affirmative defenses, state how and/or in what way the plaintiff allegedly fails to state a claim for relief under the Eighth and Fourteenth Amendments to the U.S. Constitution and/or New York State Constitution.

**Response**: Defendant objects to this interrogatory as it impermissibly broadens the required pleading requirements for defendant and seeks evidentiary material beyond the scope of an interrogatory.  Without waiving any objection, the Second Amended Complaint fails to state a cause of action that plaintiff will be able to provide with admissible evidence as to one or more elements to establish a prime facie cause of action for medical negligence and/or constitutional violations.

6.  As to the defendant's eighth, thirteenth and twentieth affirmative defenses, set forth all alleged acts and/or omissions of culpable conduct, contributory negligence and/or assumption of risk on the part of the plaintiff and/or plaintiff's decedent, and state how and/or in what way the plaintiff and/or plaintiff's decedent allegedly assumed risks.

**Response**: Defendant objects to this interrogatory as vague, overbroad, multi-part and asserts this affirmative defense was raised in the responsive pleading prior to completion of a course of discovery.  The acts and omissions of plaintiff and/or plaintiff's decedent constituting culpable conduct and/or failure

9

to mitigate and/or assumption of the risks causing, in whole or in part, the alleged injuries and damages, will be the subject of and developed during the course of discovery herein including documents and deposition testimony contemplated to occur during the disclosure of this action.  Defendant will supplement this response as to these affirmative defenses upon completion of discovery.  Upon information and belief, and not withstanding these objections, plaintiff's decedent entered the co-defendant's facility possessing concealed drugs in her physical person and continued to use and to conceal drugs during the course of the ensuing incarceration; plaintiff's decedent failed to and/or refused to submit to multiple, daily medical examination requests and failed to comply with requests for and/or the performance of medical examinations, evaluations, assessments, check-ups, vital sign assessments; failed to accurately and/or completely report any symptomatology; refused food to enhance or as a result of the plaintiff's decedent's design to use concealed drugs all of which are examples of decedent's culpable conduct, failure to mitigate and assumption of risks that caused, in whole or in part, the alleged incidents, injuries and damages.  Discovery is ongoing and defendant expressly reserves the right to supplement this response through the trial of this action.

    7.    As to the defendant's tenth affirmative defense, set forth the facts and basis for defendant's assertion that the

*THE LAW OFFICES OF* • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601

plaintiff and/or decedent's injuries and damages were allegedly
caused by persons and/or entities over whom the defendant had no
control, identifying all persons and/or entities defendant
alleges as causing and/or contributing to the injuries and
damages.

**Response**: Defendant raised this affirmative defense in the
responsive pleading prior to course of discovery.  The response
will be supplemented upon completion of discovery in this action.

8.  As to the defendant's twelfth affirmative defense, set
forth the facts and basis for defendant's assertion that
plaintiff fails to state a claim for which punitive damages may
be awarded, and/or that plaintiff's claims violate the U.S. and
New York State Constitutions and/or statutory law, and identify
the provisions of the U.S. and New York State Constitutions and
statutory laws defendant relies upon for its assertions.

**Response**: Defendant objects to this interrogatory as it
calls for legal conclusions.  Subject to and without waiving said
objections, the affirmative defense speaks for itself as the
alleged acts and/or omissions of answering defendant do not meet
the standards for an award of punitive damages and thus, any
award for punitive damages would be violative of the U.S.
Constitution and the New York State Constitution.

9.  As to the defendant's fifteenth affirmative defense, set
forth all actions on the part of the defendant, its agents,

11

servants, and/or employees, it asserts as being taken pursuant to constitutional and statutory authority, identifying all applicable constitutional and statutory authority defendant asserts it complied with during the course of decedent's incarceration and custody.

**Response**: Defendant raised this affirmative defense in the responsive pleadings to the Second Amended Complaint to preserve the defenses prior to discovery.  If warranted, the responses will be withdrawn and/or supplemented upon completion of discovery in this action.  This interrogatory calls for legal conclusion and its assertion is sufficient without particularization as defendant's reliance upon applicable constitutional and/or statutory authority.

10.  As to the defendant's seventeenth affirmative defense, state the facts and basis for defendant's assertion that the medical providers at the jail exercised their best medical judgment.

**Response**: Defendant objects to this interrogatory as it impermissibly seeks to broaden the required pleading requirement for defendant and seeks evidentiary material beyond the scope of an interrogatory.  Without waiving any objections, defendant denies any allegations of medical negligence or deliberate indifference to decedent' medical needs in the course of the evaluations and/or care of plaintiff's decedent.  If appropriate,

12

defendant will supplement this response at the conclusion of discovery in this action.

11.  As to the defendant's eighteenth affirmative defense, set forth all actions on the part of the defendants, its agents, servants and/or employees, it asserts were reasonable, justified and/or taken in good faith and/or with probable cause.

**Response**: Defendant objects to this interrogatory as it impermissibly seeks to broaden the required pleading requirement for defendant and seeks evidentiary material beyond the scope of an interrogatory.  Without waiving any objections, defendant denies any allegations of medical negligence or deliberate indifference to plaintiff's decedent's medical records in the course of the incarceration during but not limited to the evaluations and/or care of plaintiff's decedent.  If appropriate, defendant will supplement this response at the conclusion of discovery in this action.

12.  As to the defendant's nineteenth affirmative defense, set forth the facts and basis for defendant's assertions that plaintiff's Complaint should be dismissed for failure to state a cause of action for constitutional deprivations.

**Response:** Defendant objects to this interrogatory as it impermissibly broadens the required pleading requirements for defendant and seeks evidentiary material beyond the scope of an interrogatory.  Without waiving any objection, the Second Amended

13

Complaint fails to state a cause of action that plaintiff will be able to provide with admissible evidence as to one or more elements to establish a prime facie cause of action for medical negligence and/or constitutional violations.

13.    As to the defendant's twenty-first, twenty-fourth and twenty-ninth affirmative defenses, set forth all recoveries and relief defendant asserts plaintiff is not entitled to and state the basis therefore.

**Response**: Defendant objects to this interrogatory as it requests multiple interrogatory responses and seeks to broaden defendant's required pleading requirements as seeking evidentiary material beyond the permissible scope of an interrogatory. Without waiving any objection, defendant denies plaintiff will be able to prove with admissible evidence as to one or more elements to establish a cause of action for medical negligence and/or constitutional violations thereby entitling plaintiff to recover all and/or some of the alleged recoveries as relief.

14.    As to the defendant's twenty-third affirmative defense, identify all statutes of limitations the defendant alleges as barring plaintiff's causes of action.  In the alternative, plaintiff requests the defendant withdraw this affirmative defense.

**Response**: Defendant raised this affirmative defense in the responsive pleading prior to completion of the course of

14

discovery to preserve the affirmative defense. Without waiving all other objections and/or other statutes of limitations, all or some of the causes of action were time barred at the inception of this litigation, including but not limited to, intentional torts and wrongful death claims as delineated in the NY statutes. Upon completion of discovery, defendant will withdraw this defense or supplement this response, if appropriate.

15. As to the defendant's thirtieth affirmative defense, set forth all actions defendant asserts as being justified and objectively reasonable.

**Response**: Defendant objects to this interrogatory as it impermissibly seeks to broaden the required pleading requirement for defendant and seeks evidentiary material beyond the scope of an interrogatory. Without waiving any objections, defendant denies any allegations of medical negligence or deliberate indifference to decedent's medical needs in the course of the incarceration and including but not limited to evaluations and/or care of plaintiff's decedent. If appropriate, defendant will supplement this response at the conclusion of discovery in this action.

16. As to the defendant's thirty-fourth affirmative defense, set forth the facts and basis for defendant's assertion that the plaintiff does not have the legal capacity to sue, maintain and/or prosecute the claims.

15

**Response**: Defendant raised this affirmative defense in the responsive pleading prior to completion of the course of discovery to preserve the affirmative defense.  Upon completion of discovery, defendant will withdraw this defense or supplement this response.

17.  As to the defendant's thirty-seventh affirmative defense, identify all medical and mental health conditions of the decedent the defendant asserts as causing and/or contributing to plaintiff and/or plaintiff's decedent's injuries and damages.

**Response**: Defendant objects to this interrogatory as it impermissibly seeks to broaden the required pleading requirement for defendant and seeks evidentiary material beyond the scope of an interrogatory.  Without waiving any objections, defendant denies any allegations of medical negligence or deliberate indifference to plaintiff's medical needs in the course of the incarceration including but not limited to evaluations and/or care of plaintiff's decedent.  Notwithstanding these and other objections, defendant specifically relies upon the documentary evidence set forth in the medical records in defendant's production of documents delineating plaintiff's decedent's medical conditions, substance abuse and mental health issues, among others, as the competent cause of decedent's alleged injuries.  If appropriate, defendant will supplement this response at the conclusion of discovery in this action.

16

18. As to the defendant's thirty-eighth affirmative defense, state how and/or in what way the defendant is immune from liability pursuant to NYCRR Title IX, §8.202, et seq., Public Health Law, Article 30-D, 42 USCA §247d-6d, et seq., and/or other provisions of the Emergency or Disaster Treatment Protection Act, U.S. Public Readiness and Emergency Preparedness Act and/or Coronavirus Aid, Relief and Economic Security Act of 2020.

**Response**: Defendant objects to this demand to the extent it calls for legal conclusions, evidentiary detail, or calls for defendant to provide particulars on issues for which it does not bear the burden of pleading or proof. Without waiver of the foregoing and in a good faith attempt to respond to discovery demands, defendant responds as follows: this defense was asserted to preserve it prior to discovery and will be supplemented or withdrawn upon completion of discovery. The affirmative defense speaks for itself, and upon and information and belief, the allegations raised in the Complaint occurred within and/or arise out of the timeframe in which the global pandemic of COVID 19 resulted in certain statutory protections, regulations, guidelines, requirements being put in place, pursuant to which defendant is entitled immunity. Defendant further states that plaintiff has not alleged any actions that would fall into an exception of the grant of immunity, and otherwise has not filed a valid claim in a court which would have jurisdiction over such a

17

claim.

19.  Set forth in detail the protocols that were in place in March 2021 for determining if a newly incarcerated female inmate is under the influence of drugs and/or alcohol.

**Response**:  Defendant objects to this interrogatory as it seeks responses for protocols in place, in whole or in part, that upon information and belief are in the possession, control and custody of parties and/or third parties or entities/persons for which defendant has no possession, custody or control. Notwithstanding these and other objections, including its vague, overbroad and non-comprehensible nature, defendant specifically refers to the document demand responses setting forth the policies, protocols, procedures and guidelines in place in 2021 and the medical record of decedent's incarceration at OCCF as set forth in defendant's Rule 26 disclosure and additionally in response to documents served in this action.  Discovery is ongoing and defendant reserves the right to supplement this interrogatory response through the trial of this action.

20. Set forth in detail the procedures and/or actions that were undertaken to determine if the decedent was under the influence of drugs and/or alcohol presenting to the Oneida County Correctional Facility on March 5, 2021, and/or at any time during the decedent's incarceration and custody from March 5, 2021 through March 18, 2021, and the date(s) the procedures and/or

18

actions were undertaken.

**Response**: Defendant objects to this interrogatory as it seeks responses for protocols in place, in whole or in part, that upon information and belief are in the possession, control and custody of parties and/or third parties or entities/persons for which defendant has no possession, custody or control. Notwithstanding these and other objections, including its vague, overbroad and non-comprehensible nature, defendant specifically refers to the document demand responses setting forth the policies, protocols, procedures and guidelines in place in 2021 and the medical record of decedent's incarceration at OCCF as set forth in defendant's Rule 26 disclosure and additionally in response to documents served in this action.  Defendant specifically refers to, among others, documents, the physical examinations on March 12, 2021 and thereafter, together with the COWS assessment.  Discovery is ongoing and defendant reserves the right to supplement this interrogatory response through the trial of this action.

21.  Set forth in detail the protocols that were in place in March 2021 for determining if an incarcerated female inmate is going through withdrawal from drugs and/or alcohol.

**Response**: Defendant objects to this interrogatory as it seeks responses for protocols in place, in whole or in part, that upon information and belief are in the possession, control and

custody of parties and/or third parties or entities/persons for
which defendant has no possession, custody or control.
Notwithstanding these and other objections, including its vague,
overbroad and non-comprehensible nature, defendant specifically
refers to the document demand responses setting forth the
policies, protocols, procedures and guidelines in place in 2021
and the medical record of decedent's incarceration at OCCF as set
forth in defendant's Rule 26 disclosure and additionally in
response to documents served in this action. Defendant
specifically refers to, among others, documents, the physical
examinations on March 12, 2021 and thereafter, together with the
COWS assessment.  Discovery is ongoing and defendant reserves the
right to supplement this interrogatory response through the trial
of this action.

22.  Set forth in detail the procedures and/or actions that
were undertaken to determine if the decedent was going through
withdrawal from drugs and/or alcohol at any time during her
incarceration and custody at the Oneida County Correctional
Facility from March 5, 2021 through March 18, 2021, and the
date(s) the procedures and/or actions were undertaken.

**Response**:  Defendant objects to this interrogatory as it
seeks responses for protocols in place, in whole or in part, that
upon information and belief are in the possession, control and
custody of parties and/or third parties or entities/persons for

*THE LAW OFFICES OF* • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601

which defendant has no possession, custody or control.

Notwithstanding these and other objections, including its vague,

overbroad and non-comprehensible nature, defendant specifically

refers to the document demand responses setting forth the

policies, protocols, procedures and guidelines in place in 2021

and the medical record of decedent's incarceration at OCCF as set

forth in defendant's Rule 26 disclosure and additionally in

response to documents served in this action.   Defendant

specifically refers to, among others, documents, the physical

examinations on March 12, 2021 and thereafter, together with the

COWS assessment. Discovery is ongoing and defendant reserves the

right to supplement this interrogatory response through the trial

of this action.

23. Set forth in detail the protocols that were in place in

March 2021 for addressing and/or attending to emergency referrals

of inmates to medical and/or mental health services.

**Response**:  Defendant objects to this interrogatory as it

seeks responses for protocols in place, in whole or in part, that

are in the possession, control and custody of parties and/or

third parties or entities over whom defendant has no control, or

for responses for which defendant has no possession, custody or

control.  Notwithstanding these and other objections, defendant

specifically refers to the document demand responses for

policies, procedures, protocols and guidelines in place in 2021

21

and the medical record of decedent's incarceration set forth in defendant's Rule 26 disclosure and additionally in defendant's response to documents served in this action. Discovery is ongoing and defendant reserves the right to supplement this response up to and during the trial of this action.

24.    Set forth in detail the procedures and/or actions that were undertaken for each emergent referral for the decedent during her incarceration and custody at the Oneida County Correctional Facility in March 2021, and the date(s) the procedures and/or actions were undertaken.

**Response**:   Defendant objects to this interrogatory as it seeks responses for protocols in place, in whole or in part, that are in the possession, control and custody of parties and/or third parties or entities over whom defendant has no control, or for responses for which defendant has no possession, custody or control.   Notwithstanding these and other objections, defendant specifically refers to the document demand responses for policies, procedures, protocols and guidelines in place in 2021 and the medical record of decedent's incarceration set forth in defendant's Rule 26 disclosure and additionally in defendant's response to documents served in this action; without conceding its emergent nature, defendant specifically refers to the transfer documents to Faxton-St. Luke's Hospital on or about March 14, 2021. Discovery is ongoing and defendant reserves the

22

right to supplement this response up to and during the trial of
this action.

25.  Set forth in detail the Corona Virus Screening
protocols that were in place in March 2021.

**Response**:  Defendant objects to this interrogatory to the
extent it seeks protocols, in whole or in part, that upon
information and belief are in the possession, custody and control
of parties and/or third parties or entities/persons for which
defendant has no possession, custody and/or control.
Notwithstanding these and other objections, defendant refers to
the medical records for decedent's incarceration at OCCF in
March, 2021 attached to defendant's Rule 26 disclosure and its
responses to the document demands.  Defendant also objects as the
interrogatory seeks public documents inclusive of the U.S.
Government and/or CDC protocols or Oneida County Sheriff
protocols in place and utilized by defendant in March, 2021.
Defendant has a pending request for further documentation and on
receipt as well as with its reservation, will supplement this
response during the course of discovery and up to trial.

26.  Set forth in detail the Corona Virus Screenings that
were conducted on the decedent on March 5, 2021, and throughout
her incarceration at the Oneida County Correctional Facility, the
date(s) of each Corona Virus Screening and the identity of the
medical staff who conducted the screenings, giving full name, job

title, current employment status and, if no longer employed, the last known contact information (residential address, telephone number and email address).

**Response**: Defendant objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33 without express leave of Court. Defendant further objects to this interrogatory as it seeks responses which upon information and belief are in the possession, custody and/or control of parties and/or third parties or entities/persons for which defendant has no possession, custody and/or control. Notwithstanding these and other objections, defendant specifically refers to the medical record for decedent's incarceration at OCCF on March 5, 2021, the Covid Virus Screening documentation contained therein and the Covid Virus Screening attempts which were sought on each day thereafter but refused, in whole or part, by plaintiff's decedent from March 5, 2021 until decedent's transfer to Faxton-St. Luke's Hospital on or about March 14, 2021. As set forth in the medical record, on March 5, 2021 Nurse Nancy Snyder-Potaczala documented the decedent's initial and ongoing refusal to permit medical evaluations, screenings, temperature checks at intervals thereafter through March 12, 2021 with only limited temperature checks permitted by plaintiff's decedent. On March 12, 2021 nursing evaluation and assessments were performed by Nurse

24

Snyder-Potaczala and physical examination by Dr. Adhakari at OCCF.  In between March 5, 2021 and March 14, 2021, plaintiff's decedent was encountered daily by various nursing staff members as set forth in the medical record with decedent's refusal to cooperate communicated to both correction officers and nursing staff.  Additionally, plaintiff's decedent was maintained on close watch medical protocols in a single occupant cell through March 12, 2021 and thereafter, was similarly incarcerated at OCCF.

Defendant objects to the demand to the extent it requests confidential information concerning medical staff inclusive of residential addresses, telephone numbers and/or e-mail addresses. Defendant is not the medical contract provider and has not been since January, 2023.

Defendant reserves the right to supplement this response on receipt of further documentation up to and through trial of this action.

27.  Set forth in detail the protocols that were to be followed when a female inmate refuses to be medically assessed, in place in March 2021.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in part.  Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands

25

pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, defendant specifically refers to the document responses served and setting forth the policies, protocols and procedures in place at OCCF in March, 2021.

28.  Set forth in detail the procedures and/or actions that were undertaken when the decedent refused to be medically assessed and the date(s) the procedures and/or actions were undertaken.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in part.  Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, defendant specifically refers to the document responses served and setting forth the policies, protocols and procedures in place at OCCF in March, 2021, as well as the medical record for decedent's incarceration.

29.  Set forth in detail the protocols that were to be followed when a female inmate refuses and/or fails to eat, in place in March 2021.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in

26

part. Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, defendant specifically refers to the document responses served and setting forth the policies, protocols and procedures in place at OCCF in March, 2021.

30. Set forth in detail the procedures and/or actions that were undertaken when the decedent failed and/or refused to eat and the date(s) the procedures and/or actions were undertaken.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in part. Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, and without conceding decedent's failure to eat, defendant specifically refers to the document responses served and setting forth the policies, protocols and procedures in place at OCCF in March, 2021, as well as the medical record for decedent's incarceration.

31. Identify the full name, job title, current employment status and, if no longer employed, the last known contact information (residential address, telephone number and email address) of the medical and/or mental health staff who cleared

27

the medical constant watch for the decedent on March 12, 2021.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in part.  Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, defendant specifically refers to the document responses served and setting forth the policies, protocols and procedures in place at OCCF in March, 2021.  Upon information and belief, the medical constant watch 1 was cleared by Dr. N. Adhakari on March 12, 2021, but decedent remained similarly incarcerated until transferred on or about March 14, 2021.

32.  Identify the full name, job title, current employment status and, if no longer employed, the last known contact information (residential address, telephone number and email address) of all medical and/or mental health staff employed by, in contract with, and/or under the direction, supervision and/or control of, CBH Medical, Inc. at the Oneida County Correctional Facility in March 2021.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in part.  Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands

*THE LAW OFFICES OF* · STEINBERG, SYMER & PLATT, LLP · 22 IBM Road, Suite 201 · Poughkeepsie, New York 12601

pursuant to FRCP Rule 33, without express leave of Court.
Notwithstanding these and other objections, defendant
specifically refers to the document responses served including
the time slips for CBH bracketing the period of the
incarceration; CBH was not the mental health provider. Upon
information and belief some of the nursing staff who may have
been involved in decedent's refusal to submit to or cooperate in
Covid-19 screening intake or physical examinations including
Nancy Menter, R.N., Nancy Snyder-Potaczala, R.N., Christopher
Fallen, R.N., Andrew Clark, R.N., Jason Johnson, R.N., Alexander
Tinelli, R.N. and Emily Tallarino; all care of OCCF at 6075 Judd
Road, Oriskany, New York 13424; their current employment status
is not known to CBH.

    33.    Identify by full name, job title, current employment
status and, if no longer employed, the last known contact
information (residential address, telephone number and email
address) of all CBH Medical staff, contractors and/or sub-
contractors who attended to, cared for and/or treated the
decedent throughout her incarceration and custody at the Oneida
County Correctional Facility from March 5, 2021, through March
18, 2021, and/or who oversaw, supervised, were responsible for,
and/or were otherwise involved in, the care and treatment of the
decedent.

    **Response**: Defendant objects to this interrogatory as vague,

*THE LAW OFFICES OF* • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601

overbroad, burdensome and/or incomprehensible, in whole or in part. Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, defendant specifically refers to the document responses served and setting forth the medical records for plaintiff's decedent's incarceration and the time slip records. Defendant asserts this interrogatory impermissibly seeks confidential information or should be subject to a protective order prior to the disclosure of the last known addresses or other contract information for the individuals.

34. Identify by full name, job title, current employment status and, if no longer employed, the last known contact information (residential address, telephone number and email address) of all CBH Medical staff, contractors and/or sub-contractors referred to by initials in the March 29, 2022, Final Report of the NYS Commission of Correction.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome and/or incomprehensible, in whole or in part and requesting defendant to interpret a document which it did not create and has not custody or ownership of the original. Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule

30

33, without express leave of Court. Notwithstanding these and other objections, defendant specifically refers to the document responses served and setting forth the time slip records for CBH and the medical record for decedent's incarceration.

35.  Set forth by title, article, section, and sub-section of all Federal, State, local, agency, and commission laws, rules, statutes, regulations, standards, and guidelines pertaining to the care and treatment of Correctional Facility inmates in effect in March 2021, including but not limited to, medical and mental health services, record-keeping and staff training.

**Response**: Defendant objects to this interrogatory as vague, overbroad, burdensome, improper and/or incomprehensible, in whole or in part, and beyond the scope of permissible interrogatories. Defendant further objects to this interrogatory as exceeding the number of permissible interrogatory demands pursuant to FRCP Rule 33, without express leave of Court. Notwithstanding these and other objections, this interrogatory improperly and specifically calls for legal conclusions, attorney work product and/or documents within the public domain as well as improperly seeking to elicit expert information.  If appropriate, defendant will supplement this response on completion of discovery and up to the time of trial.

Dated:    Poughkeepsie, New York
          February 2, 2024

31

Yours, etc.

The Law Offices of
**STEINBERG, SYMER & PLATT, LLP**

By: JONATHAN E. SYMER
(USDC NDNY Bar Roll No.:516292)
Attorneys for Defendant
CBH MEDICAL, P.C. and SM DENTAL, P.C.
s/h/a CBH MEDICAL, P.C.
22 IBM Road, Suite 201
Poughkeepsie, New York  12601
(845) 471-4455

TO:  GREENE REID & POMEROY, PLLC
     Attorneys for Plaintiff
     173 Intrepid Lane
     Syracuse, New York 13205

     KENNEY SHELTON LIPTAK NOWAK LLP
     Attorneys for Defendants
     COUNTY OF ONEIDA, ONEIDA COUNTY
     SHERIFF'S DEPARTMENT and ONEIDA COUNTY
     CORRECTIONAL FACILITY
     4615 North Street
     Jamesville, NY 13078

     GOLDBERG SEGALLA LLP
     By: Christina M. Verone Juliano, Esq.
     Attorneys for Defendant
     HELIO HEALTH, INC.
     5786 Widewaters Parkway
     Syracuse, New York 13214

32

**VERIFICATION**

I am the _Authorized Agent_ of CBH Medical, P.C. & SM Dental, P.C.

I have read the foregoing responses to plaintiff's interrogatories and based on information and belief, the responses are true.

_Shane Sunday_
Shane Sunday

Sworn to before me on
February _2nd_ 2024

_Kathryn D Schrader_
Notary Public

```
Commonwealth of Pennsylvania - Notary Seal
Kathryn D Schrader, Notary Public
Montgomery County
My Commission Expires April 13, 2027
Commission Number 1147001
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------X  Civil Docket No.
JOSEPH J. BONANZA, As Administrator of  9:23-CV-00691(DNH-ATB)
the Estate of TERRA LYNN BONANZA,
deceased,

                    Plaintiff

     -against-                          **CERTIFICATE OF SERVICE**

COUNTY OF ONEIDA, ONEIDA COUNTY SHERIFF'S
DEPARTMENT, ONEIDA COUNTY CORRECTIONAL
FACILITY, CBH MEDICAL, P.C., HELIO HEALTH,
INC., and DEF CORPORATIONS, JANE DOES,
JOHN DOES, JANE ROES, AND JOHN ROES
(fictitious names, the true identities of
which are unknown by plaintiff at present),

                    Defendants.
------------------------------------X
STATE OF NEW YORK  )
                          SS.:
COUNTY OF DUTCHESS )

     I hereby certify that on February 2, 2024, I served a true

copy of the annexed RESPONSES TO PLAINTIFF'S FIRST SET OF

INTERROGATORIES TO CBH MEDICAL, P.C. on behalf of Steinberg,

Symer & Platt, LLP, attorneys for defendant, CBH Medical, P.C.

and SM Dental, P.C., sued herein as, CBH Medical, P.C., by

mailing the same in a sealed envelope, with postage prepaid

thereon, in a post office or official depository of the U.S.

Postal Service within the State of New York, addressed to the

addressees as indicated below:

     GREENE REID & POMEROY, PLLC
     Attorneys for Plaintiff
     173 Intrepid Lane
     Syracuse, New York 13205

                              1

KENNEY SHELTON LIPTAK NOWAK LLP
Attorneys for Defendants
COUNTY OF ONEIDA, ONEIDA COUNTY
SHERIFF'S DEPARTMENT and ONEIDA COUNTY
CORRECTIONAL FACILITY
4615 North Street
Jamesville, NY 13078

GOLDBERG SEGALLA LLP
By: Christina M. Verone Juliano, Esq.
Attorneys for Defendant
HELIO HEALTH, INC.
5786 Widewaters Parkway
Syracuse, New York 13214

_____
JONATHAN E. SYMER

Sworn to before me
on February 2, 2024.

_____
NOTARY PUBLIC

2024 0201 3811-NDNY

DEBORAH NOVICK
NOTARY PUBLIC, State of New York
No. 4958085
Qualified in Dutchess County
Commission Expires Oct. 30, 20 25

2

THE LAW OFFICES OF • STEINBERG, SYMER & PLATT, LLP • 22 IBM Road, Suite 201 • Poughkeepsie, New York 12601